Peter J. BRENNAN, Secretary of
Labor, Plaintiff,

v.

Sal J. VENTIMIGLIA, d. b. a. Sal's
Sohio Service, Defendant

Nos. C 69–697, C 70–35.

United States District Court,
N. D. Ohio, E. D.

April 6, 1973.

Lee Hornberger, U. S. Department of
Labor, Cleveland, Ohio, for plaintiff.

Martin A. Rini, Cleveland, Ohio, for
defendant.

MEMORANDUM OPINION
AND ORDER

LAMBROS, District Judge.

This proceeding was brought to as-
sure compliance with a consent decree

entered on June 17, 1970, concerning defendant's wages and record keeping under provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. Defendant has challenged the Court's jurisdiction to enforce the consent order. The matter is presently before the Court on plaintiff's motion for partial summary judgment that this Court has jurisdiction over the issues raised under the "enterprise" concept of the Fair Labor Standards Act, 29 U.S.C. § 203(s).

The following two issues are presented by the motion:

I. Are the undisputed facts sufficiently developed to determine that defendant's employees are covered under the "enterprise" concept in 29 U.S.C. §§ 203(s), 206(a), 207(a)?

II. Is the "enterprise" concept constitutional?

## I.   UNDISPUTED FACTS

Defendant does not dispute the facts presented below, which are based on the pleadings, depositions, answers to interrogatories and admissions in the file.

Defendant is the sole owner and operator of a gasoline service station which is located on a state highway one half mile from an exit to Interstate 271 in Beachwood, Ohio. His gross sales, exclusive of excise taxes, are in excess of $250,000. Several of the six to ten employees of the business sell fuel, auto batteries, mufflers, antifreeze, shock absorbers, air filters, headlights, oil filters, tires, fan belts, washer fluid, wiper blades and other automotive products. In addition, at least one of the employees provides repair service through the use of a tow truck. Several employees change tires and do automobile tune-ups. Although defendant does not advertise in places visible from Interstate 271, the business has on at least ten occasions provided towing services to motorists on 271 when called by highway patrol cars.

Defendant purchases its merchandise from Ohio distributors. However, these distributors in turn obtain large amounts of the merchandise from outside of Ohio.

## II.   INCLUSION OF DEFENDANT UNDER ENTERPRISE CONCEPT

The statutes in issue are those which provide that the Fair Labor Standards Act applies to all employers of any employee who is "employed in an enterprise engaged in commerce or in the production of goods for commerce. . . ." 29 U.S.C. § 206(a). The "enterprise" concept was added to the Fair Labor Standards Act in 1961 and broadened the coverage of the Act. See legislative history in Wirtz v. Melos Construction Corp., 408 F.2d 626 (2d Cir. 1969). Even employees not themselves so engaged are included if other employees in the business are engaged in interstate commerce or production of goods therefor. Shultz v. Deane Hill Country Club, Inc., 433 F.2d 1311 (6th Cir. 1970), cert. denied 400 U.S. 820, 91 S.Ct. 38, 27 L.Ed.2d 48, affirming per curiam 310 F.Supp. 272, (E.D.Tenn. 1969). The facts stated above clearly show that the defendant's business is an "enterprise" and meets the minimum sales requirements of 29 U.S.C. § 203 (s). The remaining issue is whether any employees of defendant's business are engaged in commerce or handle, sell, and work on goods which have been moved in commerce or are produced for commerce. 29 U.S.C. § 203(s).

Defendant's employees are engaged in commerce, first, because they service cars which have been or will be used for interstate commerce. In this way, the business is similar to the architecture firm in Mitchell v. Lublin, McGaughy and Associates, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959), which was held to have produced services used for interstate commerce because it designed architectual fixtures for military bases through which there was interstate traffic. See also Gray v. Swanney-McDonald, Inc., 436 F.2d 652 (9th Cir. 1971), cert. denied 402 U.S. 995, 91 S.Ct. 2173, 29 L.Ed.2d 161; Snelling v. O. K.

Service Garage Inc., 311 F.Supp. 842 (E.D.Ky.1970). Furthermore, defendant's employees sell products such as gasoline and tires, which although not directly purchased from a distributor based out of state, are originally shipped from factories out of state. Thus, they come within the test of § 203(s) which requires only that the goods have "been moved in" commerce and not that they be directly purchased from an out-of-state vendor. In addition, the products sold for automobiles would be those which would be expected to move in commerce. United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941). In all these ways defendant's business meets the commerce requirements of the Fair Labor Standards Act.

■ The defendant claims that a further development of the facts is required since this will show that only a small portion of his sales and services relate to cars traveling on the interstate highway. However, the proportion of time spent in commerce-related activity is not relevant as long as the service or sales are regularly made. Hodgson v. Travis Edwards, Inc., 465 F.2d 1050, 1054 (5th Cir. 1972); cert. denied 409 U.S. 1076, 93 S.Ct. 685, 34 L.Ed.2d 665 (1973); Gray v. Swanney-McDonald, Inc., 436 F. 2d 652, 653 (9th Cir. 1971). Thus, a further development of the facts is unnecessary.

### III. CONSTITUTIONALITY OF ENTERPRISE CONCEPT

■ Defendant claims that, even if his business is covered under the "enterprise" concept, the "enterprise" concept is unconstitutional as beyond the power extended to Congress under the Commerce Clause of the United States Constitution. The Supreme Court has, however, already ruled that the "enterprise" concept is both rational and within the Commerce Clause. Maryland v. Wirtz, 392 U.S. 183, 191–193, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968). To the extent that this conflicts the reasoning relied on by defendant in Schechter v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1930), the Schechter rationale is overruled by Maryland v. Wirtz.

### IV. CONCLUSION

Because the Court has jurisdiction over the claims in this case under 29 U.S.C. § 203, and because the relevant provisions are constitutional, the Court grants plaintiff's motion for partial summary judgment as to this issue.

It is so ordered.