**James D. HODGSON, Secretary of Labor, Plaintiff-Appellant,**

v.

**N. G. KALLAS COMPANY, Defendant-Appellee.**

**No. 72–1941.**

United States Court of Appeals, Sixth Circuit.

Argued April 16, 1973.

Decided June 14, 1973.

Sylvia Ellison, U. S. Dept. of Labor, for plaintiff-appellant; Richard F. Schubert, Sol. of Labor, Carin Ann Clauss, Associate Sol., Donald S. Shire, Helen W. Judd, U. S. Dept. of Labor, Washington, D. C., on brief; Aaron A. Caghan, Regional Atty., Cleveland, Ohio.

Robert E. Swickle, Detroit, Mich., for defendant-appellee; Law Offices of Leonard C. Jaques, P. C., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge and LAMBROS *, District Judge.

LAMBROS, District Judge.

The question presented by this case is the meaning of "retail or service establishment," a phrase used in the exemption provisions of the Fair Labor Standards Act, as it applies to a tax reporting and bookkeeping business. The suit was brought by plaintiff-appellant for alleged violations of the wage, record-keeping and over-time provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "Act"). The District Court ruled that defendant-appellee's bookkeeping and tax reporting business came within the interstate commerce requirements of the Act but entered summary judgment for appellee because it determined that appellee's business was exempt from the Act under the provisions of 29 U.S.C. § 213(a)(2). The Secretary of Labor appeals from that decision and defendant-appellee cross appeals. We affirm in part and reverse in part.

The District Court based its ruling on appellee's uncontroverted affidavit, which established that the business, located in Michigan, served customers coming exclusively from Michigan by "among other things" performing book-

keeping and tax reporting services. According to the affidavit, when the business completed tax reports, it either provided the customers with pre-addressed envelopes for mailing the reports to the Regional Office of the Internal Revenue Service in Cincinnati, Ohio, or it mailed the reports itself. The affidavit further represented that the business' annual gross income was less than $250,000.

As a preliminary matter, the District Court ruled that, because appellee's business produced tax reports with the expectation that these reports would be sent to Ohio through the mails, the business came within the interstate commerce requirement of the Fair Labor Standards Act. We affirm this ruling as supported by the clear weight of authority. United States v. Darby, 312 U.S. 100, 117, 61 S.Ct. 451, 85 L.Ed. 609 (1941); Schulte v. Gangi, 328 U.S. 108, 119, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); Hodgson v. Travis Edwards, Inc., 465 F.2d 1050, 1054 (5th Cir. 1972) (petition for cert. pending) (mailing of corporate reports satisfied commerce requirement); White v. Wirtz, 402 F.2d 145 (10th Cir. 1968) (producing maps expected to be mailed satisfied commerce requirement); Wirtz v. A. S. Giometti and Associates, Inc., 399 F.2d 738 (5th Cir. 1968) (same).

The major issue in this appeal arises from the District Court's second ruling that appellee's bookkeeping and tax reporting business was exempt under 29 U.S.C. § 213(a)(2) from the wage, record-keeping, and overtime provisions of the Fair Labor Standards Act. That statute provides in pertinent part:

"(a) The provisions of sections 6 and 7 shall not apply with respect to . . . (2) any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, if such establish-

* Honorable Thomas D. Lambros, United States District Judge for the Northern District of Ohio, sitting by designation.

ment . . . (iv) . . . has an annual dollar volume of sales . . . which is less than $250,000.

"A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry . . . ." 29 U. S.C. § 213(a)(2).

The District Court correctly ruled that the first two provisions of that exemption, requiring less than $250,000 gross income and requiring that more than half of the business be conducted within the state, were met on the basis of appellee's uncontroverted affidavits. It next proceeded to decide, on the basis of the affidavits, that appellee's business met the third requirement of the exemption that the company was a "retail or service establishment" as that term is defined in the 1949 amendment to 29 U. S.C. § 213(a)(2). It is on the basis of this latter determination that we reverse.

In two unanimous opinions written by Justice Harlan, the Supreme Court reviewed the legislative history of that provision and concluded that a business should be classified as a "retail or service establishment" for purposes of the exemption, first, if the sale of particular goods or services was retail in concept and, second (if the answer to the first was affirmative), if the terms or circumstances of the sale made it retail, rather than for resale. Idaho Sheet Metal Works v. Wirtz, 383 U.S. 190, 196–205, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); Mitchell v. Kentucky Finance Co., 359 U.S. 290, 291–295, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959).

▪ In applying the first prong of the test for the exemption, Justice Har-

lan relied primarily on analogies to those businesses listed as within the exemption in the legislative history to that provision and on the interpretation given the provision by the Secretary of Labor. Idaho Sheet Metal Works, supra, 383 U.S. at 205, 86 S.Ct. 737. In this case, both the legislative history and the administrative regulations would indicate that appellee's business does not qualify as retail within the meaning of the Act.

Although the legislative history does not specifically mention bookkeeping and tax reporting services, it does relate that other businesses providing assistance with financial records, such as banks, insurance companies, building and loan associations, and credit companies, are not retail as that term is used in the exemption provision. Idaho Sheet Metal Works, supra at 202, 203, 86 S.Ct. 737; Kentucky Finance Co., supra, 359 U.S. at 292, 79 S.Ct. 756. Moreover, the Secretary of Labor has since the early 1940's consistently included accountants on his non-exempt list. 29 C.F.R. § 779.317. This early regulation may be accorded additional weight in light of Congressional approval of existing regulations in 1949. 63 Stat. 910, 29 U.S.C. § 208, note.[1]

Although the legislative history and regulations classify financial recording services as non-exempt, appellees urge the Court to rely solely on an "everyday needs" test, such as that applied by the Fourth Circuit in Hodgson v. Centralized Services, Inc., 457 F.2d 824 (4th Cir. 1972). See 29 C.F.R. § 779.318(a). Under such a test, they argue, a bookkeeping and tax reporting service which meets the everyday needs of its customers would be classified with the corner grocery store and the cleaning business as a retail service establishment. However, the Supreme Court has expressly

---

1. That provision approves those regulations "not inconsistent" with the 1949 amendment. The Supreme Court ruled in *Mitchell Finance Co.* that the regulations providing that the "financial industry" was not retail were consistent with the

1949 amendment. *Mitchell Finance Co., supra,* 359 U.S. at 292–295, 79 S.Ct. 756, 3 L.Ed.2d 815. *See also* Brennan v. Great American Discount and Credit Co., Inc., 477 F.2d 292 (5th Cir., 1973).

warned against the reliance on this test alone without resort to legislative history:

> "The legislative recital of telephone, gas and electric, and credit companies along with a number of others as businesses outside the exemption . . . demonstrates that not everything the consumer purchases can be a retail sale of goods or services. . . ." *Idaho Sheet Metal Works, supra,* 383 U.S. at 203, 86 S.Ct. at 746.

Furthermore, the District Court had no facts before it on which to conclude that the bookkeeping services provided met "everyday" needs rather than long-range planning.

■ Having determined therefore that appellee's business should not have been classified as retail as that term has been used in the exemption provision, it is unnecessary to reach the second prong of the test which is whether appellee has shown that the services were not for resale. We note in passing that appellee has the burden of showing that bookkeeping services such as those he provides are not resold. Arnold v. Kanowsky, 361 U.S. 388, 394, 80 S.Ct. 453, 4 L. Ed.2d 393 (1960). See 29 C.F.R. § 779.-334 (defining sales of services for resale).

In applying the exemption provisions of the Fair Labor Standards Act, the courts are required to give a narrow interpretation to the terms therein. Chief Justice Warren stated:

> "We have held that these exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit. The three conditions of § 13(a)(2) are explicit prerequisites to exemption, not merely suggested guidelines for judicial determination of the employer's status." Arnold v. Kanowsky, *supra* at 392, 80 S.Ct. at 456.

In this case, the facts regarding appellee's business were not sufficient to warrant a conclusion that it came within the retail concept of the exemption. On the contrary, the facts as developed would lend support to a ruling that the appellee's business is a financial institution such as has been consistently treated as a non-exempt business. The District Court was therefore in error in granting summary judgment for appellee.

We affirm with respect to the District Court's ruling that appellee's business came within the interstate commerce requirements of the Act but reverse and remand with instructions to vacate the entry of summary judgment with respect to the District Court's ruling that appellee's business came within the "retail and service establishment" exemption to the Act.

PECK, Circuit Judge (dissenting).

Because I do not conclude that appellee's business is non-exempt as a financial institution (Mitchell v. Kentucky Finance Company, 359 U.S. 290, 295, 79 S. Ct. 756, 3 L.Ed.2d 815 (1959)), and conclude as did the District Court that it was instead a "retail or service establishment" within the meaning of 29 U. S.C. § 213, I must respectfully dissent. As to the former, I find the analogy to banks, insurance companies, building and loan associations, and credit companies not to be persuasive. As to the latter, while recognizing the burden of proof normally on the operator of a business in this regard (Arnold v. Kanowsky, 361 U.S. 388, 394, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960)), I conclude appellee's services not to be capable of resale as a matter of law, from which it must follow that its operation could not be other than retail or service, and I would accordingly affirm the judgment of the District Court.