Peter J. BRENNAN, Successor to James D. Hodgson, Secretary of Labor, United States Department of Labor

v.

RAY STERN INVESTMENT CORPORATION, a corporation, doing business as Wedgewood Tower Apartments, et al.

No. CA 3-5756-C.

United States District Court, N. D. Texas, Dallas Division.

April 23, 1974.

Richard L. Collier, Atty., U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

David R. Snodgrass, Wynne, Jaffe & Tinsley, Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, Chief Judge.

As shown by the style, Defendants are partners in an apartment house venture. They purchased Wedgewood Towers apartment house in December, 1969. At that time they hired Mrs. Nita Betts as manager of Wedgewood Towers.

Defendant Ray Stern was a resident of San Francisco, California, at the time of purchase and moved to Dallas, Texas, where Wedgewood Towers is located, in the latter part of 1970.

Plaintiff has sued for the benefit of Defendants' employees for the period of December, 1969 to August, 1970, under the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.) for back minimum wages and overtime compensation and for an injunction.

The parties have stipulated that the jurisdictional amount of $250,000. volume of business per year has been met[1] and that there are sufficient employees under the statute. Also the Government has conceded that there is no jurisdictional basis for a claim for 1971 and later years.

---

1. 29 U.S.C. § 203(s):

"Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which—

(1) during the period February 1, 1967, through January 31, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) or is a gasoline service establishment whose annual gross volume of sales is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated), and beginning February 1, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated);

(2) is engaged in laundering, cleaning, or repairing clothing or fabrics;

(3) is engaged in the business of construction or reconstruction, or both; or

(4) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit).

Any establishment which has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise, and the sales of such establishment shall not be included for the purpose of determining the annual gross volume of sales of any enterprise for the purpose of this subsection.

The Court is confronted with only three questions. Are Defendants partners in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce? Was D. D. Betts, husband of Nita Betts, an employee of Defendants for the purpose of the Fair Labor Standards Act? Is Plaintiff entitled to injunctive relief?

## I.

■■ As to the first question, Plaintiff has made two showings which he contends bring the statute into play. First, he says that at one time during the period in question that Defendants' employees received new washers and dryers that were sent from Michigan and uncrated them. Though there is no *de minimis* rule in this area of law,[2] it is required that some employees of the enterprise regularly be engaged in activities in or related to interstate commerce.[3] This one isolated episode will clearly not do.

But it was proved at trial that Defendant Ray Stern would telephone Mrs. or Mr. and Mrs. Betts from San Francisco on a daily basis to discuss the business, that payroll checks were regularly mailed from San Francisco to Dallas and that the status of a $500.00 petty cash fund was reported from Dallas by Defendants' employees to San Francisco and checks were sent back to rebuild the fund. It does not matter whether Mr. Stern called the Betts or vice versa. In either case, Defendants' employees were using interstate communications in the furtherance of Defendants' business. It is clear that under *Travis Edwards, Inc.*, supra, and other cases [4] that the Betts were sufficiently engaged in interstate commerce in order to bring about the efficacy of the Fair Labor Standards Act.

## II.

Mr. Betts was an employee of Defendants. As the Supreme Court has said, the definition of employment is "the broadest definition that has ever been included in one act." [5] The critical definition contained in the Act is " 'Employ includes suffer or permit to work." [6]

■ In the Fifth Circuit, Shultz v. Hinojosa [7] appears to be controlling. In this case, the Fifth Circuit held that the wife and children of a school janitor who helped him wash the killing room of a slaughterhouse after its normal working hours were employees under the Act. In the present case, it is undisputed that Mr. Betts expended a substantial and continuing number of hours working at Wedgewood Towers and that Defendants had at least some notice of this fact. This surely comes under the definition of "suffer or permit to work" which is sufficient for this Act.

## III.

■ Plaintiff has conceded that there were no interstate transactions after 1970. Therefore Defendants have not been covered by the Act since 1970. The question of an injunction is therefore moot. Courts do not enjoin parties from violating statutes which do not apply to them.

The parties have agreed as to what amounts Plaintiff may recover for the use of Defendants' various employees in 1965–1970. Therefore Plaintiff is requested to prepare a form of judgment incorporating the views expressed in this Opinion and the stipulated recovery, to forward it to Defendants for their comments, and to thereafter submit it to the Court.

2. Hodgson v. Travis Edwards, Inc., 465 F.2d 1050 (5th Cir., 1972) ; cert. den. (1972).

3. Ibid.; Brennan v. Ventimiglia, 356 F.Supp. 281 (D.C., N.D.Ohio, 1973).

4. Brennan v. Ventimiglia, supra; Brennan v. Dillion, 483 F.2d 1334 (10th Cir., 1973); Hodgson v. Kallas Company, 480 F.2d 994 (6th Cir., 1973) ; Brennan v. Apartment Communities Corporation, 360 F.Supp. 1255 (D.C., D.Del., 1973).

5. United States v. Rosenwasser, 323 U.S. 360, 363, fn. 4, 65 S.Ct. 295, 297, 89 L.Ed. 301.

6. 29 U.S.C. § 203(g).

7. 432 F.2d 259 (1970).