**Alfredo JIMENEZ and Imelda Jimenez, Plaintiffs,**

v.

**F. A. GARZA, Jr., Omar Olivarez, Raul Villarreal, Silverio H. Saenz, Manuel Alvarado, Noel T. Garcia, Reyes R. Lopez, and the San Isidro Independent School District, Defendants.**

Civ. A. No. B–80–295.

United States District Court,
S. D. Texas,
Brownsville Division.

March 6, 1981.

Roger Reed, Oscar Fuentes, Texas Rural Legal Aid, Inc., Rio Grande City, Tex., for plaintiffs.

Arnulfo Guerra, C. H. Duvall, Guerra & Duvall, Roma, Tex., for defendants.

## MEMORANDUM AND ORDER

VELA, District Judge.

Plaintiffs sought, *inter alia*, injunctive and declaratory relief due to Defendant's wrongful exclusion of their daughter, Jessica Jean Jimenez, from participation in Defendant San Isidro Independent School District's [hereinafter SIISD] Headstart Program. For the reasons stated below, the underlying issues of federal statutory and administrative law have become moot, and no actual controversy between Plaintiffs and Defendants exists for which Plaintiffs may seek declaratory relief, and no cognizable danger of recurrent violations exists for which Plaintiffs are entitled to injunctive relief.

WHEREFORE, PREMISES CONSIDERED, it is ORDERED that the preliminary injunction entered by this Court on January 5, 1981 is hereby DISSOLVED.

## FACTUAL BACKGROUND

SIISD sponsors a "Headstart" program for pre-school age children above the age of four years. In the past, no children three years of age have been admitted to the Headstart program, and it is undisputed that the SIISD, located in a poor rural area in Starr County, Texas, lacks the facilities to provide proper care for three year olds. This program has in the past been partially financed by the federal government through funds disbursed annually to SIISD by the Community Action Council of South Texas [hereinafter CACST] which is a designated Headstart agency of the United States Department of Health and Human Services [reorganized from the former United States Department of Health, Education and Welfare]. CACST operates in its Headstart capacity under an annual grant from the Department, and SIISD obtained funding from CACST through an annual Headstart Delegation Agreement. The 1980 Headstart grant to CACST contained no provisions which mentioned age eligibility for children, and the Delegation Agreement between CACST and SIISD provided that the activities authorized thereby would be performed "in accordance with . . . the grant conditions and relevant HEW directives". Federal regulations promulgated pursuant to statutory mandate make three year olds eligible to participate in federally funded Headstart programs unless the grant from the Department of Health and Human Services provides otherwise.[1]

On September 22, 1980, Imelda Jimenez attempted to enroll her daughter, Jessica Jean Jimenez, in the SIISD Headstart program. . On that date, Jessica Jean was approximately three years, ten months old. Jessica Jean was admitted to the program pending written confirmation from the CACST that she was eligible to participate. Such written confirmation was provided on September 23, 1980, in the form of a letter from Mrs. Adela Guerrero, Headstart Program Coordinator for CACST, to Mr. Jose Peralez, Superintendent of the SIISD. On October 7, 1980, the SIISD Board of Trustees, with all members in attendance, met and unanimously approved a written policy that all Headstart applicants had to be four years of age on or before September 1 of each enrollment year before they could participate in the program. This decision embodied the unwritten policy that the District had followed for many years. On October 13, Mr. and Mrs. Jimenez were informed by Mr. Peralez that because of the Board's decision, Jessica Jean would have to discontinue her participation in the Headstart program. Jessica Jean continued to attend classes until Superintendent Peralez wrote a letter to the Jimenez' on October 29, 1980, wherein he threatened to call the juvenile authorities if they continued to send her to school.

Following Jessica Jean's removal from the program, the Jimenez' sought a hearing on the matter with the Board of Trustees. The Board refused to take up the matter at meetings in November of 1980 but on December 1, 1980, the matter was taken up in a closed meeting, despite Mrs. Jimenez' request that the meeting be open to the public.[2] On December 8, 1980, the Board unanimously re-affirmed its earlier decision of October 7, 1980, which purported to make

1. 45 C.F.R. § 1305.3 (1979) provides that "[u]nless the Headstart agency's approved grant provides otherwise, only those children between three years of age and the age of compulsory school attendance are eligible to enroll and participate in the Headstart program." A Headstart program is required to "[e]stablish and maintain an outreach and recruitment process which systematically insures enrollment of eligible children." 45 C.F.R.

§ 1304.4–1(a) (1979). These regulations are formulated pursuant to statutory authorization which provides that "the Secretary shall by regulation prescribe eligibility for the participation of persons in Headstart programs *assisted under this part*." 42 U.S.C. § 2928g(a)(1) (Supp.1980) (emphasis added).

2. Mrs. Jimenez' request that the session be tape recorded was also denied.

children three years of age ineligible for the Headstart program. Plaintiffs thereafter sought equitable relief in this Court, and a temporary restraining order issued on December 23, 1980, which prevented Defendants from denying Jessica Jean Jimenez' participation in the SIISD Headstart program and prevented the cancellation, restriction or non-renewal of the program. Subsequently, the 1980 Headstart Delegation Agreement between SIISD and CACST expired by its own terms on December 31, 1980. After a show cause hearing on January 2, 1981, this Court decided not to interfere with the contractual prerogative of the SIISD and its Trustees to renew the annual Delegation Agreement with CACST, but entered a preliminary injunction which prevented Defendants from denying Jessica Jean's participation in the non-federally funded portion of their Headstart program.

This Court takes judicial notice that the Defendants have apparently decided not to seek federal assistance during 1981 for their Headstart program,[3] so the salient issues regarding Jessica Jean's eligibility to participate in the program under the federal regulations have become moot. Solely for that reason, this Court feels that the preliminary injunction heretofore issued in this cause should be DISSOLVED.

## CONCLUSIONS OF LAW

The crucial test for mootness in an action requesting injunctive or declaratory relief, where a Defendant has voluntarily ceased his illegal conduct, is whether it can be said with assurance that there is no reasonable expectation that the wrong will be repeated. *United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953); *Meltzer v. Board of Public Instruction of Orange County, Florida,* 548 F.2d 559, 565–66 n.10, 567–68 & n.13 (5th Cir. 1977), *modified on other grounds, per curiam,* 577 F.2d 311 (5th Cir. 1978) (en banc), *cert. denied,* 439 U.S. 1089, 99 S.Ct. 872, 59 L.Ed.2d 56 (1979); *Southwestern Bell Telephone Co. v. Communications*

*Workers of America, AFL–CIO,* 454 F.2d 1333, 1334 (5th Cir. 1971). This Court perceives no practical distinction between voluntary cessation of illegal conduct and voluntary action which in effect removes the illegality from conduct which prior to such action was illegal. The exclusion of three year olds from the federally funded Headstart program in the past was not due to bad faith on the part of Defendants, but was solely due to the fact that SIISD lacked the necessary facilities to accommodate them. While the conduct of the Defendants towards the case of Jessica Jean Jimenez has at times been rash and ill advised, it was primarily the result of an attempt to preserve long standing policy and not an intentional attempt to violate federal regulations. In our case, the Defendants have decided to forego federal financing for their Headstart program during 1981 so as not to be subject to the federal regulations which require the admission of three year olds. Courts do not enjoin parties from violating statutes which do not apply to them. *Brennon v. Ray Stern Investment Corp.,* 375 F.Supp. 705, 707 (N.D.Tex.1974). *A fortiori,* since the federal regulations requiring admission of three year olds to federally funded Headstart programs no longer apply, Defendants will not be required to accept Jessica Jean Jimenez within their private Headstart program. This Court recognizes, however, that the Defendants have imposed an additional burden upon the taxpayers of SIISD by foregoing federal funding, and would urge that they consider applying directly for a Headstart grant tailored to the exigencies of their situation. For the reasons heretofore stated, this Court feels that there is no cognizable danger of repeated violations of federal law, and the preliminary injunction issued on January 5, 1981, is DISSOLVED.

---

**3.** In a post-trial memorandum brief, Defendants, referring to the annual Headstart Delegation Agreement with CACST, stated that "[t]he School Board in its discretion did not, has not, and will not renew that contract". *Defendants' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction* at 4 (filed February 11, 1981).