Don SCHOENHALS, B. Winston Munn, Leonard E. Essary, Rosa Essary, Plaintiffs-Appellants,

v.

Don COCKRUM, d/b/a Sooner Inventory Service, Defendant-Appellee.

No. 80–1355.

United States Court of Appeals, Tenth Circuit.

Submitted March 20, 1981.

Decided May 8, 1981.

W. David Pardue, Jr., Oklahoma City, Okl., for plaintiffs-appellants.

James E. Pence, Norman, Okl., for defendant-appellee.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This action was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the Act), by employees and former employees of defendant Don Cockrum, doing business as Sooner Inventory Service. Plaintiffs seek to recover unpaid minimum wages, overtime compensation, liquidated damages, and costs under section 16(b) of the Act, 29 U.S.C. § 216(b).[1]

---

1. 29 U.S.C. § 216 provides in relevant part:

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime com-

Cockrum is in the business of providing an inventory service for wholesale and retail businesses in Oklahoma, Arkansas, Colorado, Kansas, Texas, and New Mexico. The district court granted Cockrum's motion to dismiss, finding that his business is exempt under section 13(a)(2) of the Act, 29 U.S.C. § 213(a), as a retail or service establishment having gross receipts of less than $250,000 a year for the pertinent years. On appeal, plaintiffs contend that Cockrum failed to sustain his burden of proving that his business falls within the exemption for retail or service establishments. We agree.

An employer who asserts he is exempt from the Act "has the burden of establishing the exemption affirmatively and clearly." *Legg v. Rock Products Manufacturing Corp.*, 309 F.2d 172, 174 (10th Cir. 1962). The Act constitutes humanitarian and remedial legislation. Exemptions must be narrowly construed and are limited to those establishments plainly and unmistakably within the terms and the spirit of the exemption invoked. *See Phillips v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 808, 89 L.Ed. 1095 (1945); *Shultz v. Adair's Cafeterias, Inc.*, 420 F.2d 390, 393 (10th Cir. 1969).

The exemption at issue here covers a retail or service establishment if more than 50 percent of its annual dollar volume is made within the state in which the establishment is located, 29 U.S.C. § 213(a)(2), and its gross annual volume is less than $250,000. *Id.* § 203(s). "Retail or service establishment" is specifically defined in the Act as "an establishment 75 per centum of whose annual dollar volume of sale of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry." *Id.* § 213(a)(2). Conceding that his business must provide *retail* services to come within the meaning of the exemption, *see Hodgson v. Duke*

*University*, 460 F.2d 172, 176 (4th Cir. 1972); *Shultz v. Adair's*, 420 F.2d at 395, Cockrum argues that his business is within the exemption because none of his services are for resale.

The initial inquiry in determining if this exemption applies to an establishment is whether the industry itself is one which Congress contemplated as falling within the "retail concept" of the Act. *Brennan v. Keyser*, 507 F.2d 472, 475 (9th Cir. 1974), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975); *Homemakers Home Health Care Services v. Carden*, 538 F.2d 98, 101 (6th Cir. 1976). This question is a legal issue of statutory construction. *Brennan v. Keyser*, 507 F.2d at 475; *Hodgson*, 460 F.2d at 174.

The regulations promulgated pursuant to the Act provide substantial guidance on the issue of what constitutes a retail service establishment. They describe it as selling "services to the general public." 29 C.F.R. § 779.318(a). Such an establishment "provides the general public its repair services and other services for the comfort and convenience of such public in the course of its daily living." *Id.* An establishment does not fall within the retail concept of the Act "if it is not ordinarily available to the general consuming public." 29 C.F.R. § 779.319.

Cockrum's business of providing an inventory service to other commercial wholesale and retail businesses is by its very nature one which the consuming public would never use in the course of its daily living. Businesses that serve only other commercial establishments are generally not within the "retail concept" of the exemption. *See Homemakers*, 538 F.2d at 104; *Brennan v. Keyser*, 507 F.2d at 476. Although there are no cases directly on point, we believe Cockrum's inventory ser-

pensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such

action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action...."

vice is akin to accounting firms, credit rating agencies, title and abstract companies, and firms that provide telephone answering services, watchmen, or detectives for other industries. All of these establishments have been listed by the Secretary of Labor as lacking the retail concept required by the exemption. *See* 29 C.F.R. § 779.317.

We hold that Cockrum's business does not fall within the retail concept of the Act and that it is not plainly and unmistakably within the terms and spirit of the exemption. The judgment of dismissal is reversed, and the case is remanded to the district court for further proceedings.