**William E. BROCK, et al.**

**v.**

**COMMERCIAL INDEX BUREAU, INC., et al.**

**Civ. No. Y–86–458.**

United States District Court, D. Maryland.

Sept. 8, 1986.

Joan M. Roller, Philadelphia, Pa., Breckinridge L. Willcox, U.S. Atty., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for plaintiffs.

Douglas G. Worrall, and Stephen R. Lohman, Baltimore, Md., for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The Secretary of Labor filed this lawsuit under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as the "Act." The complaint charged defendants with violations of the overtime and record-keeping provisions of the Act. Plaintiff further alleged that defendant's business activities constituted an enterprise within § 203(s)(1) of the Act, obligating them to comply with the provisions of the Act.

In response, the defendants moved to dismiss on grounds that their employees are not subject to the Act. Defendants argue in the alternative that even if their employees are subject to the Act, they are exempt from the overtime requirements of the Act pursuant to § 7(i) of the Act, 29 U.S.C. § 207(i). Defendants' motion to dismiss lacks merit and must be denied.

The defendant is an investigative agency that specializes in industrial claims primarily involving workmen's compensation. The employees are investigators employed by the defendant to perform background and surveillance checks on individuals who are claiming benefits under the workmen's compensation laws. The defendant is located in Baltimore and the majority of the

company's clients are located in Maryland. The defendant is also licensed to perform investigative services in the state of Delaware.

According to § 203(s)(1), the employer's business must satisfy a two prong "enterprise" test in order for the Act to be applicable. First, its annual dollar volume must be greater than $250,000, and second it must have employees engaged in commerce, in the production of goods for commerce, or handling, selling or otherwise working on materials that have been moved in or produced for commerce by any person.

 The first prong of the test is satisfied in that the employer's business has an annual dollar volume of nearly $900,000. For purposes of overtime provisions of the Act, the term "engaged in commerce" is to be given a broad, liberal construction rather than a strained, technical one. *Wirtz v. Soft Drinks of Shreveport, Inc.*, 336 F.Supp. 950 (W.D.La.1971). *Brennan v. S. & M. Enterprises*, 362 F.Supp. 595 (D.D.C. 1973).

*Marshall v. Baker*, 500 F.Supp. 145 (N.D.N.Y.1980), held that the definition in the Act of an "enterprise engaged in commerce" includes a local business whose employees use material which at some point moved across interstate commerce. In support of its position that the employer was subject to § 203(s)(1) of the Act, it was shown that the employees handled goods and materials that had been manufactured outside the state. This was sufficient to satisfy the second prong of the coverage test.

Similarly, in *Wirtz v. First State Abstract and Insurance Co.*, 362 F.2d 83 (8th Cir.1966), it was held that transportation, transmission, or communication among several states is within the Act's coverage. In addition, *Marshall v. Victoria Transportation Co., Inc.*, 603 F.2d 1122 (5th Cir.1979), held that any regular contact with commerce, no matter how small, will result in coverage.

The defendant performs investigative services primarily for clients in Maryland and does business with clients outside of Maryland. For example, in 1985 investigations performed outside of Maryland generated income of $47,716. Given the current definition of "commerce," the defendant was clearly engaged in commerce thereby satisfying the second prong of the enterprise test.

Defendant argues in the alternative that if the Court should find that it is subject to the Act, its employees are exempt from the overtime provisions of the Act pursuant to § 207(i) which applies to retail establishments. The simple answer is that the defendant's business is not a retail or service establishment, under § 213(a)(2) of the Act, which defines a "retail or service establishment" as: 1) one which has seventy-five percent of its annual dollar volume of sale or services not for resale; and 2) its services are recognized as retail in the particular industry.

 Considerable discretion is possessed by the Secretary of Labor—as the one responsible for administration of the Act—in determining what sales are retail for purposes of the Act's exemption provisions. *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966). *See also Mitchell v. Krout*, 150 F.Supp. 857 (N.D.Cal.1957). The Secretary's interpretive regulation, 29 C.F.R. § 779.318, clearly sets forth the characteristics of a retail or service establishment. Typically, a retail or service establishment deals with the general public and its everyday needs.

In 29 C.F.R. § 779.317, the Secretary of Labor has established a partial list of the establishments lacking retail orientation. Included on the list are detective agencies which lack retail concept because they are offering specialized services to customers as opposed to services for the comfort and convenience of the general public. Such specialized services are not retail by definition. *See Donovan v. Road Rangers Country Junction*, 736 F.2d 1004 (5th Cir. 1984), *cert. denied, Gordon v. Donovan,*

469 U.S. 1217, 105 S.Ct. 1198, 84 L.Ed.2d 342. Other businesses included on the list are credit companies and investment counseling firms.

Although there are few cases of litigation involving detective agencies, cases concerning similar specialized services have consistently held that such services are not retail. For example, in *Goldberg v. Sorvas*, 294 F.2d 841 (3rd Cir.1961), the court held that a shopping service to check honesty and efficiency of clerks in retail stores lacked retail concept. Likewise, in *Schoenhals v. Cockrum*, 647 F.2d 1080 (10th Cir. 1981), a business which provided inventory services for hotel and retail businesses was found not to be a retail or service establishment. Similarly, in *Luther v. Z. Wilson, Inc.*, 528 F.Supp. 1166 (S.D.Ohio 1981), the court held that a real estate agency was not a retail or service business under the Act.

 An employer who asserts that he is exempt from the Act has the burden of establishing the exemption affirmatively and clearly. Exemptions are narrowly construed and limited to those established plainly and unmistakably within the terms and spirit of the exemption invoked. *Schoenhals v. Cockrum*, 647 F.2d 1080 (10th Cir.1981). *Mitchell v. Baltimore & Annapolis R.R. Co.*, 183 F.Supp. 61 (D.Md. 1960).

Here, the defendant defines itself as an investigative or detective agency specializing in industrial claims involving workmen's compensation. The investigations are admittedly performed for insurance companies, law firms, independent insurance adjusters and self-insured business establishments. These services clearly are not used by the general public. This is a specialized service used only by certain members of the business community and therefore lacking the retail concept.

Defendant has cited *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451, 465 (4th Cir.1963), *cert. denied*, 377 U.S. 925, 84 S.Ct. 1222, 12 L.Ed.2d 216 (1964), where a trash removal company was found to be a retail or service establishment even though "the Secretary's complex and confirming regulations" specifically expressed a contrary position. *Id.* at 466; 29 C.F.R. § 779.317 (waste removal contractors listed as establishments lacking "retail concept"). However, *Wirtz* is readily distinguishable in that trash removal is not only a widespread need in the commercial world but it is required by private families. *Idaho Sheet Metal Works*, 383 U.S. at 206 n. 17, 86 S.Ct. at 747 n. 17. *See also Hodgson v. Centralized Services, Inc.*, 457 F.2d 824 (4th Cir.1972) (local tax preparation business qualifies under the retail exception as a service held out to the general public in a limited geographical area, and is provided for the "comfort and convenience of the public in the course of its daily life").

Accordingly, defendant's motion to dismiss must be denied.