William C. **RENFRO,** Alan R. **Metchley** and William L. **Olson, et al., Plaintiffs,**

v.

**CITY OF EMPORIA, KANSAS, Defendant.**

Civ. A. No. 87–4038–S.

United States District Court, D. Kansas.

July 31, 1990.

Thomas A. Woodley, Gregory K. McGilli-vary, Mulholland & Hickey, Washington, D.C., Joseph W. Moreland, Blake & Uhlig, P.A., Kansas City, Kan., for plaintiffs.

Dale W. Bell, Guy, Helbert, Bell & Smith, Emporia, Kan., Stanley E. Craven, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to alter or amend, pursuant to Rule 59 of the Federal Rules of Civil Procedure, the final judgment entered on June 29, 1990 in the above-captioned matter. Specifically, defendant contends that the court should reduce the amount of the judgment to eliminate damages attributable to hours worked by plaintiff Robert Binder after May 31, 1987, because plaintiff Binder was promoted to the position of lieutenant effective June 1, 1987 and, thus, should be exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") after that date.

Upon examination of defendant's motion, the court finds that it must be denied. First, the court finds that assertion of an exemption from the FLSA is an affirmative defense that must be specifically pleaded or it is waived. *See Brennan v. Valley Towing Co., Inc.,* 515 F.2d 100, 104 (9th Cir.1975). *See also Rachbach v. Cogswell,* 547 F.2d 502, 505 (10th Cir.1976) (claim of exemption from a remedial statute must be specifically pleaded). Thus, the court finds that defendant can be deemed to have waived the affirmative defense of plaintiff Binder's exemption from the FLSA by its failure to raise the issue before the present motion to alter or amend.

Second, the court finds that defendant has failed to present sufficient evidence to establish its claim that plaintiff Binder is exempt from coverage under the Act after May 31, 1987. Although defendant does not specifically state which FLSA exemption it is attempting to assert, the court notes that section 213 of the Act states that the overtime pay provisions shall not apply to "any employee employed in a bona fide executive, administrative, or professional capacity...." 29 U.S.C. § 213(a)(1). To establish an exemption under section 13 of the FLSA, 29 U.S.C. § 213, an employer must prove that the employee is paid on a salaried basis and that his or her job duties are administrative, managerial or professional. *See, e.g., International Ass'n of Fire Fighters Local 2141 v. City of Alexandria,* 720 F.Supp. 1230, 1231–32 (E.D.Va.1989). Further, whether a specific employee falls within an exemption to the Act generally requires a fairly extensive factual inquiry as outlined, for example, in the applicable regulations. *See* 29 C.F.R. §§ 541.0, *et seq.* Under the FLSA, the employer has the burden of establishing an exception by clear and affirmative evidence. *Donovan v. United Video, Inc.,* 725 F.2d 577, 581

(10th Cir.1984); *Schoenhals v. Cockrum,* 647 F.2d 1080, 1081 (10th Cir.1981). Further, as a remedial statute, exemptions are narrowly construed against employers seeking to assert them. *See Brennan v. Dillion,* 483 F.2d 1334, 1338 (10th Cir.1973) (citations omitted).

In the present motion, defendant contends only that plaintiff Binder is exempt by virtue of his promotion, effective June 1, 1987, to the position of lieutenant with the fire department. The court finds that defendant has not met its burden of establishing, by clear and affirmative evidence, that plaintiff Binder was exempt from the FLSA after May 31, 1987. Therefore, defendant's motion to alter or amend judgment to reduce the damages attributable to hours worked by plaintiff Binder after May 31, 1987, must be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to alter or amend judgment is denied.