Peter J. BRENNAN, Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellant,

v.

David DILLION, an individual,
Defendant-Appellee.

No. 73–1088.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 13, 1973.

Decided Aug. 30, 1973.

Jacob I. Karro, Washington, D. C. (Alfred G. Albert, Acting Sol. of Labor, Carin Ann Clauss, Associate Sol., George Avery, Regional Sol., and John K. Light, Atty., U. S. Dept. of Labor, on the brief), for plaintiff-appellant.

Carl D. Hall, Jr., Tulsa, Okl. (Hall & Sublett, Tulsa, Okl., on the brief), for defendant-appellee.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The Secretary of Labor, plaintiff-appellant, sued defendant-appellee to enjoin him from violating the minimum wage, overtime, and record keeping provisions of the Fair Labor Standards Act as amended, 29 U.S.C. § 201 et seq. The district court dismissed the action and the Secretary appeals.

The facts are stipulated. Defendant owns and operates three apartment complexes in Tulsa, Oklahoma, and employs 35 persons to manage and maintain the buildings and grounds. The volume of business exceeds the jurisdictional amount of $250,000. See 29 U.S.C. § 203(s)(1). Defendant regularly purchased from local dealers a great variety of supplies and materials which traveled in interstate commerce. Included therein were items such as paint, light bulbs, soap, cleansers, cleaning equipment, plumbing fixtures, grass seed, and chlor-ine for the swimming pool. Additionally, he purchased furniture which was made outside of Oklahoma and shipped directly to him.

The issue is whether the "enterprise" provisions of the 1961 amendments to the Act bring defendant within its coverage. Defendant says that they do not because the intent was not to enlarge the class of employers subject to the Act. See Maryland v. Wirtz, 392 U. S. 183, 193, 88 S.Ct. 2017, 20 L.Ed.2d 1020. The statement there is that the enterprise concept did not enlarge the Act. Coverage was enlarged to include all of the employees of an employer if some of those employees met the commerce criterion. This construction and application of the 1961 amendments has been uniformly upheld by the circuits which have considered the problem since the Maryland decision. See Wirtz v. Melos Construction Corp., 2 Cir., 408 F. 2d 626, 627–628; Clifton D. Mayhew, Inc. v. Wirtz, 4 Cir., 413 F.2d 658, 662; and Brennan v. Greene's Propane Gas Service, Inc., 5 Cir., 479 F.2d 1027. On this appeal, defendant does not question the trial court's holding that his apartment complex operation is an enterprise within the meaning of 29 U.S.C. § 203(r). The issue is whether it is an enterprise engaged in commerce.

Section 203(s), 29 U.S.C., provides:

" 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which—

(1) * * * is an enterprise whose annual gross volume of sales made or business done is not less than $250,000 * * *."

Thus, two tests are established, the engagement of the employees in (1) commerce or (2) the production of goods for commerce. The applicability of (1) depends on the activities of the em-

ployees in unloading the furniture which was shipped from out of state directly to defendant in trucks. Defendant's employees would verify the shipments and acknowledge receipt. The trucker would then place the items on or near the tailgate of the truck and the defendant's employees would take them from there.

In Shultz v. National Electric Company, Inc., 10 Cir., 414 F.2d 1225, 1227, we held that interstate movement stops when merchandise is unloaded on the docks or warehouse floor of the consignee. In the case at bar, the trial court held that interstate movement stopped when the merchandise was moved from inside the delivery trucks to or near the tailgates, and on the authority of National Electric held that defendant's employees were not engaged in commerce. The Secretary questions the validity of National Electric and says that in any event a tailgate may not be equated with a dock or floor. We find it unnecessary to explore this esoteric issue and its companion problems of the regularity and substantiality of the employees' work connected with the unloading of the furniture.

The second test of § 203(s) is engagement of the employees in the production of goods for commerce. The Act does not define "production" but defines "produced," 29 U.S.C. § 203(j):

> " 'Produced' means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State."

"Goods" is defined thus, 29 U.S.C. § 203(i):

> " 'Goods' means goods * * *, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof."

We consider first the reference to "goods." The paint, light bulbs, soap, and other supplies were manufactured outside of Oklahoma and moved in commerce to get to the defendant's premises. Defendant argues that the § 203(i) exemption of the ultimate consumer applies to him. The trial court so held in reliance on three district court decisions. See Shultz v. Travis-Edwards, Inc., W.D.La., 320 F.Supp. 834, rev. on other grounds 5 Cir., 465 F.2d 1050, cert. denied 409 U.S. 1076, 93 S.Ct. 685, 34 L.Ed.2d 665; Shultz v. Arnheim and Neely, Inc., W.D.Pa., 324 F.Supp. 987, rev. on other grounds 3 Cir., 444 F.2d 609, rev. 410 U.S. 512, 93 S.Ct. 1138, 35 L.Ed.2d 463, and Shultz v. Wilson Building, Inc., S.D.Tex., 320 F.Supp. 664, affirmed 5 Cir., 478 F.2d 1090, on the basis of independent grounds of coverage.

Three district court decisions hold to the contrary and say that employees of an apartment house owner who handle various products moving in commerce are covered by the Act. See Hodgson v. Rivermont Corp. d b a Fox Meadows Apartments, M.D.Fla., 71 Lab.Cas. ¶ 32,898; Sharp v. Warner Holding Company, Minn., 70 Lab.Cas. ¶ 32,721; and Hodgson v. Woolin & Son, Inc., S.D.Fla., 65 Lab.Cas. ¶ 32,527. The theory of these cases is that the supplies are in recurring need and are for the use and benefit of the tenants. The cost is passed on to the tenants and, hence, there is in effect a resale. Accordingly, the apartment house owner is not the ultimate consumer. Support for these conclusions is found in cases like Goldberg v. Furman Beauty Supply, 3 Cir., 300 F.2d 16, 18–19; Wirtz v. Melos Construction Corp., 2 Cir., 408 F.2d 626, 629; and National Automatic Laundry and Cleaning Council v. Shultz, 143 U.S.

App.D.C. 274, 443 F.2d 689. In Furman, the products were beauty preparations used in the treatment of customers who were held to be the ultimate consumers. In Melos, the products were construction materials used in buildings erected for sale. The Laundry case imposed Act coverage on coin-operated laundries.

The Act, 29 U.S.C. § 203(k), defines sale to include "any sale, exchange, contract to sell * * * or other disposition." We have held that this encompasses the rental of office space. Wirtz v. First National Bank and Trust Company, 10 Cir., 365 F.2d 641, 645. By the same reasoning apartment space is within the definition.

■ The apparent reason for the exclusion of the ultimate consumer is to protect a retail purchaser from the provision of the Act, 29 U.S.C. § 215(a)(1), making it unlawful to transport in commerce goods produced in violation of the Act. This is consistent with the § 203(i) provision that the ultimate consumer exclusion does not apply to a producer, manufacturer, or processor. Defendant says that he is not a producer and relies on Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 504, which was concerned with the child labor provisions of the Act, 29 U.S.C. § 212, and held that the transmission of telegrams was not a production of goods. As we read Western Union, the Court gave consideration to 29 U.S.C. § 215(a) and distinguished between handling generally and handling in transportation. Western Union does not apply to the handling of materials used in the actual operation of the employer's business of furnishing housing accommodations for his tenants.

■ In our opinion the materials with which we are concerned come within the statutory definition of goods. The exclusion of the ultimate consumer does not apply to defendant. The next question relates to production.

■ Section 203(j) says that an employee is engaged in the production of goods if he "was employed in producing,

* * * handling, * * * or in any other manner working on such goods." The stipulation of the parties says that the products and merchandise therein mentioned "were regularly handled by defendant's employees as the needs of the business required." The merchandise had moved interstate and the fact that some of it was acquired intrastate is immaterial. Wirtz v. Melos Construction Corp., 2 Cir., 408 F.2d 626, 628–629. The admitted handling of the merchandise by the employees in the regular course of defendant's business made them engaged in the production of goods for commerce.

The essential elements of the statutory requirements are satisfied. Defendant's operation of his apartment complex makes it an enterprise. The economic test of amount of business is met and he has the requisite number of employees. Those employees handled materials which have moved in interstate commerce and, hence, are engaged in production. There is a recurring need for the materials and supplies to enhance the value of the rental units. In effect, by renting the apartments defendant resold the articles to the tenants for their use and benefit. Defendant is not the ultimate consumer and is not within the exclusion of § 203(i). He is covered by the Act and must comply with its provisions.

■■ We believe that this conclusion conforms with the intent of Congress in enacting the 1961 amendments. The enterprise concept was used to provide a broad sweep of coverage to employees of businesses which met the economic test of amount of business done. S.Rep. 145, 87 Cong. 1st Sess., 2 U.S.Code Cong. & Admin.News 1961, p. 1624. In determining the amount of business done activities such as "renting or leasing of property" are included. S.Rep. 1487, 89th Cong. 2d Sess., 2 U.S.Code Cong. & Admin.News 1966, p. 3009. Also, our conclusion accords with the judicially established principles that the FLSA is a remedial statute which "must not be interpreted or applied in a narrow, grudging

**1338**

manner," Tennessee Coal, Iron & Railroad Co. v. Muscoda Local, 321 U.S. 590, 597, 64 S.Ct. 698, 703, 88 L.Ed. 949, and that the exemptions from FLSA coverage "are to be narrowly construed against the employers seeking to assert them," Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393.

Reversed and remanded for further proceedings in the light of this opinion.