Peter J. BRENNAN, Secretary of Labor, Plaintiff,

v.

PATIO CLEANERS, INC., et al., Defendants.

Civ. A. No. 72–278.

United States District Court, S. D. Ohio, E. D.

March 13, 1974.

988

W. S. Kloepfer, Asst. Regional Sol. by Benjamin T. Chinni, U. S. Dept. of Labor, Cleveland, Ohio, for plaintiff.

John E. Holzapfel, Columbus, Ohio, for defendants.

## OPINION AND ORDER

KINNEARY, Chief Judge.

This matter is before the Court on the complaint filed by the Secretary of Labor and the answer of the defendants.

This action was commenced under the provisions of the Fair Labor Standards Act of 1938. See 29 U.S.C. § 201 et seq. The Court has jurisdiction over the subject matter of this action under the provisions of Title 29, United States Code, Section 201 et seq. This matter was tried to the Court.

Plaintiff contends that the defendants are subject to the provisions of the Fair Labor Standards Act. Plaintiff further contends that the defendants have not paid their employees in accordance with the provisions of the act. The defendants deny that they are subject to the provisions of the act.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Defendant Herbert Oakley is the sole owner of the defendant Oakley Cleaners and, together with his wife, owns all of the stock of the defendant, Patio Cleaners, Inc.

2. Both Oakley Cleaners and Patio Cleaners are dry cleaning establishments. Patio is a "pick-up" store in that articles of clothing are left there by customers who later return to pick them up. However, the clothes are not actually cleaned at the store. Oakley Cleaners operates two stores, one of which is a complete dry cleaning plant which performs all of the work for Patio Cleaners and for both locations of Oakley Cleaners. In addition to dry cleaning and pressing clothes, both companies perform alterations, mend rips and tears, store clothes, operate a laundry for shirts and other garments and operate a laundromat.

3. Mr. Oakley daily supervises the operation of all of the stores run by the two companies and maintains all of their records. Mr. Oakley also establishes the employment policies of both companies.

4. In the course of their daily business operations, the defendant companies use plastic bags, hangers, buttons, safety pins, dry cleaning tags, shirt tags, various types of detergents, bleaches and additives, shirt shells, shirt bags, inkex and other products. Most of these products are purchased by the defendants from the E. J. Thomas Company of Columbus, Ohio. That company is a distributor of dry cleaning and laundry supplies and obtains many of its supplies from sources outside of the State of Ohio. The defendants' employees must use these products to perform their jobs.

5. Some of the defendants' payroll records are incomplete in that they fail to show the employee's full name and address, the date the work was performed, the employee's sex, social security number, occupation and the time of day and day of the week that the employee's workweek begins. In fact, some payroll records do not indicate the total daily hours worked, the weekly hours worked, the total straight time and overtime hours worked, the regular rate of pay and the basis upon which wages were paid.

6. An examination of defendants' payroll records indicates that at least two employees, Carl Rose and Bernice Rush, received the same amount of compensation each week regardless of the actual number of hours worked per week. For example, Carl Rose worked an average of 48 hours per week. However, he received $117.70 per week from January 13, 1972 until May 17, 1972, regardless of whether he worked 48 hours per week. This method of compensation indicates that these employees were not paid by the hour but rather received a

weekly salary which compensated them for all hours worked.

7. The defendants' payroll records also indicate that at least two employees, Dawn Johnson and Linda Cook, were paid less than the minimum wage of $1.60 per hour.

### Discussion

The Fair Labor Standards Act requires an employer to pay a minimum wage of $1.60 per hour to each of his employees who is employed in an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 206. The act further provides that employers must pay time and a half for each hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207.

The question which must be resolved in this case is whether the defendants are engaged in an enterprise engaged in commerce or in the production of goods for commerce. An enterprise is defined as:

. . . the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor. . . . 29 U.S.C. § 203(r).

An enterprise engaged in commerce or in the production of goods for commerce is defined as:

. . . an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which—

(1) during the period February 1, 1967, through January 31, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) or is a gasoline service establishment whose annual gross volume of sales is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated), and beginning February 1, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated);

(2) is engaged in laundering, cleaning, or repairing clothing or fabrics;

(3) is engaged in the business, of construction or reconstruction, or both; or

(4) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private, or operated for profit or not for profit).

Any establishment which has as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise, and the sales of such establishment shall not be included for the purpose of determining the annual gross volume of sales of any enterprise for the purpose of this subsection. 29 U.S.C. § 203(s).

The concept of enterprise coverage was first added to the Fair Labor

Standards Act in 1961. Under this concept, related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose. *See generally* Wirtz v. Columbian Mutual Life Ins. Co., 246 F. Supp. 198 (W.D.Tenn.1965), aff'd, 380 F.2d 903 (6th Cir. 1967).

■ A careful examination of the facts of this case indicates that the defendants' business activities are related activities. The defendant companies are both engaged in the laundry business, and both are operated and controlled by Mr. Oakley. Both defendant businesses provide essentially the same services to their customers. The Court therefore concludes that the defendants' business activities fall within the definition of the term "enterprise."

■ The Court also believes that the defendants' enterprise is an enterprise engaged in commerce or in the production of goods for commerce. Most of the products used by the defendant companies come from states other than the State of Ohio. The defendants' employees regularly handle and work with these products. *See* Wirtz v. Melos Construction Corp., 408 F.2d 626 (2d Cir. 1969); Wirtz v. Mayer Construction Co., 291 F.Supp. 514 (N.J.1968); Brennan v. Dillion, 483 F.2d 1334 (10th Cir. 1973). In addition, the defendants are clearly engaged in laundering, cleaning or repairing clothing or fabrics. *See* National Automatic Laundry and Cleaning Council v. Shultz, 143 U.S.App.D.C. 274, 443 F.2d 689 (1971); Hodgson v. Jones, 453 F.2d 515 (8th Cir. 1971).

The defendants contend that they are exempted from coverage because their annual gross volume of sales is less than $250,000.00. However, this position is inconsistent with the express wording of the statute. The defendants further contend that they are the ultimate consumers of the products they purchase and are, therefore, not engaged in interstate commerce. However, this argument ignores the fact that many of the products used by the defendants are ultimately passed on to the defendants' customers as part of the service provided by the defendants. *See* Goldberg v. Furman Beauty Supply, Inc., 300 F.2d 16 (3d Cir. 1962); Wirtz v. Melos Construction Co., *supra*; National Automatic Laundry and Cleaning Council v. Shultz, *supra*.

■ Since the defendants are subject to the provisions of the act, the Court must determine whether the defendants have violated the minimum wage or the overtime provisions of the act. An examination of the defendants' payroll records indicates that two employees, Linda Cook and Dawn Johnson, were paid less than $1.60 per hour for part of the time they were employed. This is a violation of the minimum wage provisions of the act. The defendants' payroll records also indicate that the defendants have violated the overtime provisions of the act. Two employees, Carl Rose and Bernice Rush, received the same salary each week regardless of the number of hours they worked. The payment of a regular weekly salary does not include the required overtime compensation in the absence of an agreement between the employer and the employee specifying a basic hourly rate of pay and not less than one and one-half times that rate for each hour of overtime. Overnight Motor Transportation Co. v. Missell, 316 U.S. 572, 581, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942), Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S. Ct. 125, 87 L.Ed. 83 (1942); Wirtz v. Flame Coal Company, 321 F.2d 558, 562 (6th Cir. 1963). In addition, subject to an exception not relevant in this case, if an employee works varying amounts of overtime from week to week, no agreement can provide for the payment of the same weekly salary. Foremost Dairies, Inc. v. Wirtz, 381 F.2d 653 (5th Cir.), cert. denied sub nom., Home Town Foods v. Wirtz, 390 U.S. 946, 88 S.Ct. 1031, 19 L.Ed.2d 1134 (1967); Beech-

wood Lumber Co. v. Tobin, 199 F.2d 878, 881 (5th Cir. 1952). The Court therefore concludes that the defendants have violated the overtime provisions of the act. As a result of this violation, Carl Rose is entitled to back pay totalling $875.28 and Bernice Rush is entitled to back pay totalling $182.84.

Finally, plaintiff requests that the Court issue an injunction restraining the defendants from violating the provisions of the Fair Labor Standards Act. *See, e. g.,* Wirtz v. Mississippi Publishers Corporation, 364 F.2d 603 (5th Cir. 1966). Since the defendants have violated the act, the Court believes that injunctive relief is appropriate.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter of this action under the provisions of Title 29, United States Code, Section 201 et seq.

2. The business activities conducted by the defendants constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 203(r) and 203(s)(2) of Title 29, United States Code. The defendants are therefore subject to the provisions of the Fair Labor Standards Act.

3. The failure to compensate Linda Cook and Dawn Johnson at least $1.60 per hour for all hours worked was a violation of the provisions of 29 U.S.C. § 206 and such violation is prohibited by 29 U.S.C. § 215(a)(2).

4. The failure to compensate Bernice Rush and Carl Rose at one and one-half times their hourly rate for all hours worked in excess of forty hours per week is a violation of the provisions of 29 U.S.C. § 207 and such violation is prohibited by 29 U.S.C. § 215(a)(2).

5. The defendants' failure to keep adequate records of names, addresses, hours worked, rates of pay, and the basis upon which wages were paid is a violation of the provisions of 29 U.S.C. § 211(c) and is prohibited by 29 U.S.C. § 215(a)(5).

6. Plaintiff is entitled to an injunction restraining the defendants, their agents, and all other persons acting in concert with them from violating the provisions of 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5).

7. Plaintiff is also entitled to an injunction enjoining the defendants from any further withholding of the compensation due to Linda Cook, Dawn Johnson, Bernice Rush and Carl Rose as a result of the defendants' violation of the minimum wage and overtime provisions of the act. The defendants shall also pay interest computed at the rate of six percent per annum from such dates as the wages should have been paid.

Counsel shall submit a judgment consistent with the provisions of this Opinion within thirty (30) days of the date this Opinion is filed.