Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

W.P. POINTON, Jr., an individual, Defendant-Appellant.

No. 81–2188.

United States Court of Appeals, Tenth Circuit.

Sept. 22, 1983.

Claude V. Sumner, Midwest City, Okl., for defendant-appellant.

Paula Wright Coleman, Atty., Washington, D.C. (T. Timothy Ryan, Jr., Sol. of Labor, Beate Bloch, Associate Sol., Mary-Helen Mautner and Paula Wright Coleman, Attys., U.S. Dept. of Labor, Washington, D.C., with her on brief), for plaintiff-appellee.

Before SETH, Chief Judge, McWILLIAMS, Circuit Judge, and KERR,* District Judge.

McWILLIAMS, Circuit Judge.

The Secretary of Labor brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, to enjoin W.D. Pointon, Jr. from violating the overtime and record-keeping provisions of the Act, and to enjoin the continued withholding by the defendant of unpaid wages due as overtime pay to certain of defendant's employees who operated and performed maintenance on heavy equipment used in the defendant's land development business. Pointon, though admitting that he did not pay his employees time and a half for all hours worked in excess of forty hours per week, denied that his business was subject to the Act. After a non-jury trial, the district court ruled that Pointon was covered by the Act and that his admitted failure to pay his employees time and a half was a willful violation of the Act. Accordingly, the dis-

* Honorable Ewing T. Kerr, U.S. District Judge for the District of Wyoming, sitting by designation.

trict court enjoined Pointon from committing future overtime pay and record-keeping violations and from any further withholding of unpaid overtime compensation already due and owing his employees. Pointon appeals. We affirm.

Pointon is engaged in the real estate business in and around Oklahoma City, Oklahoma. During the period from January 29, 1977, through June 9, 1978, Pointon prepared a 160-acre tract of land near Choctaw, Oklahoma for residential home development in the form of one-acre lots. Such land development work was performed by Pointon's employees, and included removing and thinning trees, clearing brush, grading and contouring the land for streets and drainage, installing culverts, pouring concrete for curbs and laying asphalt. In performing this work, Pointon's employees operated various types of construction machinery, including earth movers, bulldozers, scrapers, tractors, and chain saws. The employees also performed required maintenance on the equipment, which included fueling and lubricating the equipment, securing replacement parts when necessary, and assisting the mechanic in performing his work on the equipment. Much of this equipment and many of the replacement parts used by Pointon's employees in readying the land for development originated or were manufactured outside the state of Oklahoma, though admittedly many were acquired by Pointon from sources within the state of Oklahoma.

29 U.S.C. § 207 provides, in general, for overtime pay for all hours worked in excess of forty hours per week and applies to all persons "employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1) or (4) of this title ...." 29 U.S.C. § 203(s) provides as follows:

> (s) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person, and which—

> . . . .
>
> (4) is engaged in the business of construction or reconstruction, or both;
>
> . . . .

Under the provisions of the Act referred to immediately above, the district court held that Pointon was subject to the overtime provisions of the Act. Specifically, the district court found that Pointon's employees were engaged in the construction business and that in performing their duties the employees were handling goods or materials which had moved in interstate commerce. On appeal, Pointon argues that both of these findings by the district court were erroneous, and that accordingly the district court erred in its conclusion that Pointon was subject to the Act. We disagree.

■ The record supports the district court's finding that Pointon was engaged in the business of construction, as required by 29 U.S.C. § 203(s)(4). Clearing undeveloped land, grading and contouring the grounds, installing culverts and pouring concrete for curbs is, to us, a part, indeed an important and necessary first step, in the general business of construction. *Brennan v. Whatley*, 432 F.Supp. 465 (E.D.Texas, 1977).

■ Further, the district court did not err in its finding that Pointon's employees in readying the raw land for actual building, handled goods and materials which had moved in interstate commerce. The fact that Pointon may have himself acquired the goods and materials, i.e., the construction equipment and replacement parts, from sources within the state of Oklahoma is irrelevant to a determination of whether Pointon is a covered employer. *Brennan v. Dillion*, 483 F.2d 1334, 1337 (10th Cir.1973). The critical issue is whether the goods or materials handled by Pointon and his employees had moved in interstate commerce, and, in this regard, it is undisputed that they did. "Using" goods or materials which have moved in interstate commerce constitutes a "handling" within the meaning of

29 U.S.C. § 203(s). *Brennan v. Dillion, supra; Marshall v. Brunner,* 668 F.2d 748 (3rd Cir.1982); *Donovan v. Scoles,* 652 F.2d 16 (9th Cir.1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982).

Having determined that Pointon is subject to the Act, it is agreed that he did not pay his employees overtime pay as required by the Act. The district court held that these violations were "willful," within the meaning of the Act, and accordingly applied the three-year statute of limitations. 29 U.S.C. § 255(a). Pointon urges on appeal that the district court erred in holding that his failure to pay overtime was "willful." We disagree, and conclude that the record supports the district court's finding.

In order to establish a "willful" violation of the Act, it is not necessary to show that the employer actually "knew" that he was violating the Act. It is sufficient to show that the employer knew the Act was "in the picture" so that he is aware of the Act's possible application to his employees. *Mistretta v. Sandia Corp.,* 639 F.2d 588 (10th Cir.1980). Where the employer knows of this fact and marches forward with apparent disregard, his acts are deemed to be "willful." Further, in the instant case, it is undisputed that Pointon so kept his business records as to indicate that he was paying overtime in accordance with the Act, when, in fact, he was not.

This action, as indicated, was brought by the Secretary to enjoin Pointon from employment practices which the Secretary believed violated the Act. One part of the injunctive order entered by the district court enjoined Pointon from continued withholding of overtime pay due his employees. By various pretrial requests, Pointon sought to assert set-offs, counterclaims, and third-party complaints based upon claims that two of his employees allegedly owed him money for sums which he had advanced to them and that certain employees were liable to him in tort for acts of sabotage. Pointon sought to set off against any amounts found to be due his employees offsetting sums which he claimed were due him by such employees. The district court denied all such requests, and its ruling in this regard is now assigned as error. We find no such error.

As indicated, the purpose of the present action is to bring Pointon into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. Pointon is free to sue his employees in state court, as we are advised he is doing, for any sum which he feels is due and owing him. *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir.1974) and *NLRB v. Mooney Aircraft, Inc.,* 366 F.2d 809, 811 (5th Cir.1966).

In conclusional terms and without supporting authority, Pointon argues that the district court erred in awarding prejudgment interest on the amounts determined to be due and owing his employees. We are not persuaded by the argument as made.

Judgment affirmed.