William E. BROCK, Secretary of Labor, United States Department of Labor, Appellant,

v.

TONY AND SUSAN ALAMO FOUNDATION, Tony Alamo, Susan Alamo and Larry Larouche, Appellees.

William E. BROCK, Secretary of Labor, United States Department of Labor, Appellee,

v.

TONY AND SUSAN ALAMO FOUNDATION, Tony Alamo, Susan Alamo and Larry Larouche, Appellants.

Nos. 87–1082, 86–2511.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1987.

Decided March 28, 1988.

Roy R. Gean, III, Fort Smith, Ark., for appellant.

Linda Jan S. Pack, Washington, D.C., for appellees.

Before JOHN R. GIBSON, FAGG, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

In 1977, the Secretary of Labor brought an action against the Tony and Susan Alamo Foundation, a religious organization, Tony Alamo, Susan Alamo, and Larry Larouche (collectively the Foundation) for violations of section 17 of the Fair Labor Standards Act of 1938, as amended 29 U.S. C. §§ 201 et seq. (1978) (FLSA).[1] *Donovan v. Tony and Susan Alamo Foundation*, 567 F.Supp. 556, 561 (W.D.Ark.1982). The action concerned two groups of workers: (1) the "outside workers," who numbered eighteen and who were undeniably employees as defined by the FLSA, and (2) approximately three hundred "volunteers" or "associates" who lived on the Foundation's grounds. Additional facts are set out in the district court's[2] original decision. 567 F.Supp. at 559–563. The district court ordered approximately $14,000 in back pay to nine of the eighteen outside workers, found that the associates who worked in the Foundation's commercial businesses were employees, and ordered the Secretary to notify them that they could submit a written claim for back wages. 567 F.Supp. at 574, 576–77.

In 1983, this court affirmed the district court's finding that the associates who performed commercial activities were employees but remanded for a specific finding of the wages owed to them. *Donovan v. Tony and Susan Alamo Foundation*, 722 F.2d 397, 400, 404–05 (8th Cir.1983). The Supreme Court granted certiorari, rejected the Foundation's constitutional arguments, and affirmed. *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 306, 105 S.Ct. 1953, 1964, 85 L.Ed. 2d 278 (1985). In the meantime, in an order dated September 11, 1984, the district court made findings as to the hours worked by certain associates. The district court[3] entered judgment on November 26, 1986, granting injunctive relief against further violations of the FLSA by the Foundation and granting particularized back pay awards to certain associates totalling $182,-996.14, including prejudgment interest. Both sides now appeal that determination.

The Foundation contends that the award is speculative and excessive, that it is entitled to a larger setoff for the benefits received by the associates, that the prejudgment interest was improperly calculated, and that the district court improperly denied it the opportunity to present further evidence. The Secretary's basic contention is that the award is insufficient.

### I.

In its September 11, 1984, order, the district court stated:

There were, no doubt, other "associates" of the Foundation who performed work for which they were not properly compensated under the Act. This Court does not believe, however, that there is credible evidence upon which to base an inference as to the identity of those associates, the time period which they worked, or the compensation they are due.

We hold that the district court must estimate and fashion a reasonable remedy that restores as fully as possible all the employees covered by the FLSA who were improperly denied compensation, regardless of the lack of records. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946); 722 F.2d at 403–04. The exact form of this remedy is left to the district court, but to compensate only those associ-

---

1. Susan Alamo and Larry Larouche are no longer parties to this litigation.

2. The Honorable William R. Overton, late a United States District Judge for the Western District of Arkansas.

3. The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

ates who chose or were chosen to testify is inadequate in light of the finding that other employees were improperly denied compensation. The Secretary is not required to present each employee as a witness. Additionally, on remand a specific finding should be made as to each of the testifying employees, if not already mentioned, particularly Donald and Kathy Wylie and A.Z. Hudson. *See* 722 F.2d at 405.

## II.

◼ The district court previously found that the Foundation is entitled to wage credits under 29 U.S.C. § 203(m) (1980) for providing housing, food, and other necessities to the employees. 567 F.Supp. at 566–70. That ruling is not disputed. However, in its judgment of November 26, 1986, the district court limited the 3(m) credits to those benefits afforded the associates during the periods when they were compensably employed. The Foundation argues that this ruling is overly narrow. We disagree.

Section 203(m) provides that " '[w]age' paid to any employee includes the reasonable cost * * * to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." In other words, § 203(m) gives employers a wage credit for benefits afforded to employees in lieu of wages. However, when the recipient of the benefits is not engaged in compensable activity, the recipient is not an employee within the meaning of the FLSA, *see* 29 U.S.C. § 203(e)(1); *see also* 567 F.Supp. at 574, and the benefits cannot be considered given in lieu of wages. *Cf. Hensley v. MacMillan Bloedel,* 786 F.2d 353, 355 (8th Cir.1986) (generally, the FLSA's provisions are not invoked unless the employee is engaged in compensable activity). Accordingly, any dispute over benefits received by an associate during periods when the associate is not compensably employed is a private dispute outside the scope of this action. *See Donovan v. Pointon,* 717 F.2d 1320, 1323 (10th Cir. 1983), *cert. denied,* 466 U.S. 934, 104 S.Ct. 1902, 80 L.Ed.2d 453 (1984); *see also N.L. R.B. v. Mooney Aircraft, Inc.,* 366 F.2d 809, 811 (5th Cir.1966).

## III.

◼ To support its contention that prejudgment interest must be awarded in accordance with state law, the Foundation cites an outdated version of the federal postjudgment interest statute, 28 U.S.C. § 1961.[4] However, state law is not controlling in a nondiversity case and the award of prejudgment interest was entirely proper. *Donovan v. Sovereign Sec., Ltd.,* 726 F.2d 55, 57–58 (2d Cir.1984); *Hodgson v. American Can Co.,* 440 F.2d 916, 922 (8th Cir. 1971). In the absence of any explicit congressional directive as to the proper rate to be used in conjunction with back pay awards under the FLSA, that determination is left to the discretion of the district court.

## IV.

The district court's order of October 28, 1986, denying the Foundation's motion to submit additional evidence is affirmed, as is the November 26, 1986, judgment awarding injunctive relief, back pay, and prejudgment interest to the named individuals. To the extent that the November 26, 1986, judgment denies the Secretary's claim for relief for other employees of the Foundation, it is reversed, and the case is remanded to the district court for further proceedings consistent with the views set forth in this opinion. We leave to the district court's discretion the taking of any further evidence it deems necessary to award bene-

---

**4.** As amended in 1982, 28 U.S.C. § 1961 provides in relevant part:

Interest shall be allowed on any money judgment in a civil case recovered in a district court. * * * Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

fits to those employees who were improperly denied compensation.