948 F.2d 781
 292 U.S.App.D.C. 189
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Youssef Salah EDDINE
v.
Hoodai YAVALOR (Hudai Yavalar), Appellant, OAIC Construction
Company, Inc.
 No. 89-7007.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 4, 1991.
 
 Appeal from the United States District Court for the District of Columbia, C.A. No. 87-706.
 D.D.C.
 AFFIRMED.
 BEFORE HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record, as provided by appellant, from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's award of damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), be affirmed. Because appellee's work required him to handle such materials as paint and plumbing fixtures which were purchased in interstate commerce, he was engaged in the production of goods in commerce for purposes of the Act. See Brennan v. Dillion, 483 F.2d 1334 (10th Cir.1973) (maintenance employees were engaged in the production of goods in commerce where, in the regular course of defendant's business, they handled materials, such as paint, light bulbs, cleansers, and plumbing fixtures, which had traveled in interstate commerce). Furthermore, because appellee's sole means of financial support was from his work with appellant, because appellant exercised substantial if not complete control over the hours worked and the jobs performed by appellee, and because appellant provided appellee with all of the materials needed for the work, appellee was an employee under the Act. See Robicheaux v. Radcliff Material, Inc., 697 F.2d 662, 666 (5th Cir.1983). Finally, on the record provided by appellant, we perceive no error in the district court's calculation of the damages.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.