**Mihail RADULESCU, Frank Sibla, and Mike Cosovic, Plaintiffs,**

**v.**

**Elias MOLDOWAN, d/b/a Elias Moldowan Real Estate Investments and Management, Defendant.**

**No. 91 C 7149.**

United States District Court, N.D. Illinois, E.D.

March 3, 1994.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiffs Mihail Radulescu, Frank Sibla, and Mike Cosovic brought this action against defendant Elias Moldowan, doing business as Elias Moldowan Real Estate Investments & Management ("Moldowan"), under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. §§ 201–219, to recover unpaid overtime compensation, liquidated damages, costs and reasonable attorney's fees. Plaintiffs allege that for certain periods of time between 1988 and 1991 they worked as janitors in apartment buildings managed by defendant,[1] and that the gross rent attributable to those buildings is at least $1,248,000 a year. Further, they claim that their duties included collecting rent checks, doing plumbing and electrical work, taking care of the grounds, planting grass, clearing snow from the sidewalks, replacing locks and door entry systems, collecting garbage, and cleaning and showing vacant apartments to prospective tenants. Plaintiffs state that as part of their job they handled and used materials and goods, including soap, detergent, waxes, light bulbs, grass seed, and other cleaning supplies.

---

1. Defendant Moldowan manages eight apartment buildings constituting 320 residential apartments.

plies, that were manufactured outside of Illinois.

Moldowan has filed his motion to dismiss for lack of subject matter jurisdiction. The essence of defendant's position is that he is not an "[e]nterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s). Defendant contends that because his management of apartment buildings is purely a local intrastate activity it falls outside the reach of the FLSA. For the following reasons, this court denies defendant's motion to dismiss.

### DISCUSSION

■ When a Rule 12(b)(1) challenge is raised to the factual basis for federal subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Richmond, Fredericksburg & Potomac Railroad v. United States*, 945 F.2d 765, 768 (4th Cir.1991). In resolving a motion under Federal Rules of Civil Procedure 12(b)(1) challenging the district court's subject matter jurisdiction, the court is not restricted to the face of the pleadings, but may review any evidence such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction to hear the action. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939); *Western Transportation v. Couzens Warehouse*, 695 F.2d 1033, 1038 (7th Cir.1982); *Gervasio v. United States*, 627 F.Supp. 428, 430 (N.D.Ill.1986); *Trentacosta v. Frontier Pacific Aircraft*, 813 F.2d 1553, 1558 (9th Cir.1987).

### Employees Under the FLSA

Employees who are "engaged in commerce" or "in the production of goods for commerce" are entitled to protection under the FLSA. 29 U.S.C. §§ 206(a), 207(a)(1). The scope of the Act was enlarged by a 1961 amendment which added another basis for coverage, commonly called "enterprise" coverage, whereby the minimum wage and overtime protection of the Act was extended to each and every employee of an "enterprise engaged in commerce or in the production of goods for commerce," unless specifically exempted. H.R.Rep. No. 93–913, 93rd Congress, 2d Sess. 2 (1974). The Act defines "Enterprise engaged in commerce or in the production of goods for commerce" as

> an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.[2]

29 U.S.C. § 203(s)(1)(A)(i) (as amended, 1989).

■ Thus, under an "enterprise" application a plaintiff need not himself be involved in an activity which affects interstate commerce. If the gross volume requirement is met,[3] all employees are covered under the Act if some are (1) engaged in commerce, (2) engaged in the production of goods for commerce, or (3) engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant argues that plaintiffs are not entitled to an "enterprise" application of the Act because he is not an "enterprise engaged in commerce or in the production of goods for commerce," as defined under the Act. The question before this court, therefore, is whether this enterprise (Moldowan) is an enterprise with employees engaged in commerce or in the production of goods for commerce within the provisions of the FLSA.

### Construction of 29 U.S.C. § 203(s)

A clear understanding of the resolution of the issue currently before the court requires an examination of prior congressional interpretation of § 203(s), the specific statutory

---

**2.** Before an enterprise is subject to the Act, it also must have an annual gross volume of sales not less than $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

**3.** Gross rentals from management companies' building management activities are to be included in determining "annual gross volume of sales made or business done," under 29 U.S.C. Sec.

203(s). *Brock v. Hamad*, 867 F.2d 804, 809 (4th Cir.1989). Defendant satisfies this requirement based on the fact that defendant managed 320 apartments and charged rent of at least $325 a month per apartment. (Aff. of Mihail Radulescu, at 2; aff. of Frank Sibla, at 2.) Over a 12 month period, gross business volume totals $1,248,000.

provision at issue in this case. Prior to the 1974 amendment, the section provided:

> Enterprise engaged in commerce or in the production of goods for commerce means an enterprise which has employees engaged in commerce or in the production of goods for commerce, *including* employees handling, selling or otherwise working on *goods* that have been moved in or produced for commerce by any person, and which . . . is an enterprise . . . whose annual gross volume of sales is not less than $250,000 (emphasis added).

As amended, Pub.L. No. 93–259, it now reads:

> Enterprise engaged in commerce or in the production of goods for commerce means an enterprise which has employees engaged in commerce or in the production of goods for commerce, *or* employees handling, selling, or otherwise working on *goods or materials* that have been moved in or produced for commerce by any person, and which . . . is an enterprise . . . whose annual gross volume of sales is not less than $250,000 (emphasis added).[4]

The issue is, therefore, what was meant by Congress' substitution of the word "or" for "including," the addition of the words "or materials," and its consistent use of the word "handling."

Most courts addressing this issue have relied on the Senate Report on the Fair Labor Standards Amendments of 1974. They quote the Report as evidence of Congress' intent to include within the definition of "enterprise engaged in commerce or in the production of goods for commerce," businesses whose employees use materials that have at some point moved in interstate commerce. *See Marshall v. Brunner*, 668 F.2d 748 (3rd Cir. 1982); *Marshall v. Davis*, 526 F.Supp. 325 (M.D.Tenn.1981); *Marshall v. Baker*, 500 F.Supp. 145 (N.D.N.Y.1980); *Marshall v. Whitehead*, 463 F.Supp. 1329 (M.D.Fla.1978). The Report states:

In addition to expanding coverage, the bill amends section 3(s) by changing the word "including" to "or" to reflect more clearly that the "including" clause was intended as an additional basis of coverage. This is, in fact, the interpretation given to the clause by the courts. The bill also adds the word "or materials" after the word "goods" to make clear the Congressional intent to include within this additional basis of coverage the handling of goods consumed in the employer's business, as, e.g., the soap used by a laundry. The "handling" language was added based on a retrospective view of the effect of substandard wage conditions.

Senate Report No. 93–690, 93rd Congress, 2d Session at page 17 (1974). It concludes that

> [a]lthough a few district courts have erroneously construed the "handling" clause as being inapplicable to employees who handle goods used in their employer's own commercial operations, the only Court of Appeals to decide this question, and the majority of the district courts, have decided otherwise, and the additions of the words "and materials" will clarify this point.

*Id.* The court in *Brennan v. Jaffey*, 380 F.Supp. 373 (D.Del.1974), faced with the applicability of the 1974 amendment to an apartment complex whose maintenance personnel used supplies that had moved in interstate commerce, stated:

> The 1974 Report however, is of considerable significance in ascertaining what was intended when the amendment became effective on May 1, 1974, by inserting the word "materials" in section 203(s). It clearly discloses a legislative purpose to make . . . the provisions of the Act applicable to employers, such as the defendants, after its effective date. Its actual effect was therefore to expand its future coverage . . .

*Brennan v. Jaffey*, 380 F.Supp. at 379.[5] It is clear that the legislative history demon-

---

4. The annual gross volume requirement was amended in 1989 and is now $500,000.

5. Although it was the House bill that was ultimately enacted, this does not mean that the Senate Report is not an authoritative source of legislative history. The 1974 amendment represented a compromise between the House and Senate bills. However, the amendment, adding the words "or materials," originated in the Senate, *see* 119 Cong.Rec. 38077, and therefore the Senate Report provides an authoritative source to the interpretation of the amendment. The House

strates that Congress intended to extend the coverage of the FLSA to companies that use products that have moved in interstate commerce. The court in *Marshall v. Baker*, 500 F.Supp. 145, similarly concluded:

> Senate Report No. 93–690 makes clear that the addition of *"materials"* after the word "goods" signified the congressional intent to bring within that additional basis of coverage those businesses which handle products consumed in the course of their operations. The example provided by the Senate itself puts to rest any question of the applicability of the statute to the defendants: if a local laundry is covered because the soap which it uses moved in interstate commerce, then an apartment complex is covered because the materials used by its maintenance personnel moved in interstate commerce (emphasis added).

*Marshall v. Baker*, 500 F.Supp. at 151. Furthermore, "[t]his amendment adding the words 'or materials' leads to the result that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Dunlop v. Industrial American Corp.*, 516 F.2d 498, 501–02 (5th Cir.1975). Defendant has cited to no authority that would justify a different interpretation of the 1974 amendment.

■ Since 1974, courts facing the issue presented here have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce. *Dole v. Odd Fellows Home Endowment Board*, 912 F.2d 689, 695 (4th Cir.1990); *Donovan v. Pointon*, 717 F.2d 1320, 1322–23 (10th Cir. 1983); *Marshall v. Brunner*, 668 F.2d 748, 752 (3rd Cir.1982); *Donovan v. Scoles*, 652 F.2d 16 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982); *Dole v. Bishop*, 740 F.Supp. 1221, 1225 (S.D.Miss.1990); *Conway v. Takoma Park Volunteer Fire Dept.*, 666 F.Supp. 786, 791 (D.Md.1987); *Marshall v. Davis*, 526 F.Supp. 325, 328 (M.D.Tenn.1981); *Marshall v. Bak-*

er, 500 F.Supp. 145, 151 (N.D.N.Y.1980); *Marshall v. Whitehead*, 463 F.Supp. 1329, 1336–38 (M.D.Fla.1978). While defendant cites to cases supporting his position, all of these cases were decided based on statutory language existing before 1974. These cases therefore cannot possibly dictate the outcome of the present case. Defendant cites *Lenca v. Laran Enterprises, Inc.*, 388 F.Supp. 782 (N.D.Ill.1974), for the proposition that apartment resident employees are not "engaged in the production of goods for commerce" under the FLSA. That case is easily distinguishable and is not relevant for three reasons. First, it was decided on other grounds, namely that the defendant there did not meet the statutory requirement of gross volume sales or business done. The court determined that it did not have subject matter jurisdiction before it even reached the issue of whether or not the enterprise was "engaged in commerce or in the production of goods for commerce." Second, the court failed to consider the 1974 amendments that became effective May 1, 1974. Finally, the court determined that the defendant was not covered by the FLSA because it concluded that plaintiffs, under the "traditional" application of the FLSA, were not "engaged in the production of goods for commerce." The court, however, failed to consider, especially under the new amendment, whether the plaintiffs were "engaged in commerce." Defendant cites no case decided after the 1974 amendment to the FLSA supporting his position.

■ Application of the above analysis to the facts of this case mandates a finding that the statutory requirements of the FLSA have been satisfied. Annual gross volume of sales made or business done by the defendant clearly exceeds the statutory requirement of $500,000. The critical issue, however, is whether the goods or materials handled by plaintiffs had moved in interstate commerce. At all times relevant to plaintiffs' work for defendant, plaintiffs used and handled supplies manufactured outside of Illinois and shipped into the state. Included in these supplies, according to plaintiffs' affidavits,

Report does not discuss the purpose of the amend-

ment. *See Marshall v. Brunner*, 668 F.2d 748 fn. 5.

were pipes, faucets, nails, windows, door locks, light bulbs, grass seed, detergents, waxes, brooms, garbage bags, and salt for sidewalks. Although purchased locally, these supplies had previously moved in interstate commerce. These items were handled and used by plaintiffs at all the apartment buildings managed by defendant.

## CONCLUSION

The determination that Moldowan does the required amount of business volume, and that plaintiffs, in the scope of their employment by defendant, handled and used goods that had moved in interstate commerce, mandates the ultimate conclusion that defendant's enterprise is engaged in commerce for purposes of the FLSA. Defendant's motion to dismiss is denied.