**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

TERESA DARLING,

Plaintiff-Appellee,

v.

RAY FRANK, an Individual; MIKE
SPROUL, an Individual; RAY
FRANK and MIKE SPROUL, d/b/a
F & S INVESTMENTS; and F & S
INVESTMENT PROPERTIES, L.L.C.,

Defendants-Appellants.

Nos. 96-6222 & 96-6296
(D.C. Nos. CIV-95-223-L &
CIV-95-0223-M)
(W.D. Okla.)

---

ORDER AND JUDGMENT*

---

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The cases are therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff was employed as a resident manager by defendants at their mini-storage facility in Stillwater, Oklahoma from August 3, 1992 through October 24, 1994. After termination from employment, she filed claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and the Oklahoma Minimum Wage Act, Okla. Stat. tit. 40, §§ 197.1-197.17, claiming that she was not paid minimum wage or overtime for the hours she worked in 1992, 1993, and 1994. After a trial to the court, the district court determined that plaintiff was underpaid $15,317.37 and was entitled to that amount as actual damages and, additionally, to an equal amount as liquidated damages. The district court also awarded attorney's fees to plaintiff.

On appeal, defendants first argue that the FLSA does not apply because they were not engaged in interstate commerce.[1] We review the district court's factual findings under the clearly erroneous standard and its legal conclusions de novo. See Pierce v. Underwood, 487 U.S. 552, 558 (1988).

---

[1] Defendants suggest that the district court erroneously ruled before trial, on summary judgment, that defendants were engaged in interstate commerce. Defendants believe the ruling was premature since it was made before the record was developed. See also Appellees' Supp. App. at 23 (concluding at end of court trial that defendants were engaged in commerce or in production of goods for commerce). Federal Rule of Civil Procedure 56(d) provides that a court may determine on summary judgment which material facts have been established and which must be decided at trial. Thus, we conclude the district court's ruling was not premature.

An "[e]nterprise engaged in commerce or in the production of goods for commerce . . . has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). The district court found, and the record reflects, that plaintiff used cleaning supplies manufactured outside of Oklahoma and transported to Oklahoma, and accepted packages at the mini-storage facility for customers who shipped and stored goods produced outside of Oklahoma. Thus, plaintiff handled goods and materials that had moved in interstate commerce. See Donovan v. Pointon, 717 F.2d 1320, 1322-23 (10th Cir. 1983); Brennan v. Dillion, 483 F.2d 1334, 1336-37 (10th Cir. 1973); see also Dole v. Odd Fellows Home Endowment Bd., 912 F.2d 689, 693 (4th Cir. 1990) ("Local business activities are subject to the [FLSA] when the enterprise employs workers who handle goods or materials that have moved in interstate commerce."). It is irrelevant whether plaintiff bought the cleaning supplies at a store or whether someone brought her the supplies from Kansas, where defendant F & S is located. See Donovan, 717 F.2d at 1322; see also Radulescu v. Moldowan, 845 F. Supp. 1260, 1265 (N.D. Ill. 1994) (determining that although purchased locally, supplies had previously moved in interstate commerce and supplies were handled and used

by defendant's employees). The district court correctly concluded that defendants engaged in interstate commerce.

Defendants further argue that the FLSA does not apply because plaintiff failed to establish that there was a single "enterprise" with an annual gross volume of sales of at least $500,000, as required by 29 U.S.C. § 203(s)(1)(A)(ii). Because this requirement was not met for 1992, plaintiff sought and was awarded relief under the Oklahoma Minimum Wage Act for 1992. The relevant issue is whether this requirement was met for 1993 and 1994.

An "enterprise" is defined as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units . . . ." 29 U.S.C. § 203(r)(1). An "enterprise" has three elements: (1) related activities; (2) unified operations or common control; and (3) a common business purpose. See Brennan v. Arnheim & Neely, Inc., 410 U.S. 512, 518 (1973). Related activities are those which are the same or similar. See id. By 1994, defendants owned seven rental storage businesses in three states. See Appellee's Supp. App. at 5. This constitutes related activities. Cf. Dole, 912 F.2d at 692 (stating individual retail stores in chain are related). Defendant

-4-

Frank admitted there was common control of the businesses.[2] See Appellee's Supp. App. at 16; see also 29 C.F.R. § 779.223 (recognizing control exists when total ownership is vested in single partnership or corporation). The defendants' activities at the different locations have the common business purpose of renting storage units for a profit. See Brennan, 410 U.S. at 519; see also 29 C.F.R. § 779.213 (establishing common business purpose when activities directed to same or similar business objective); Hodgson v. University Club Tower, Inc., 466 F.2d 745, 748 (10th Cir. 1972) (indicating that common business purpose is shown when organizational structure is horizontal, such as in chain stores). Thus, defendants' business activities should be aggregated as part of a single "enterprise."

Plaintiff's evidence established defendants' aggregate income from ownership of the single "enterprise" met the statutory business volume requirement of at least $500,000 for 1993 and 1994. See Appellee's Supp. App. at 11, 12. Because there was an "enterprise" and the business volume requirement was met, the FLSA did apply. See Dunlop v. Industrial Am. Corp., 516 F.2d 498, 501-02 (5th Cir. 1975) (recognizing that virtually every enterprise doing requisite dollar volume of business is covered by FLSA).

---

[2]    Because defendants controlled the "enterprise," whether there was unified operation is unimportant. See Brock v. Hamad, 867 F.2d 804, 806-07 (4th Cir. 1989).

In the alternative, defendants argue that plaintiff did not establish, and the district court did not make a finding regarding, the number of hours she was required to work. The evidence is to the contrary. Plaintiff testified that she was required to be on the premises from 7:00 a.m. to 9:00 p.m., fourteen hours a day. The district court found that plaintiff's testimony was credible, but subtracted four hours a day to account for her personal activities. "It is exclusively within the district court's province to . . . appraise credibility . . . ." FDIC v. Hamilton, 122 F.3d 854, ___, 1997 WL 430022, at *4 (10th Cir. 1997). Thus, the district court made proper findings regarding plaintiff's working hours.

Defendants argue that the amount of the judgment constituting wages, if any, is properly subject to income tax and other tax withholding before it is remitted to plaintiff. On May 9, 1996, fourteen days after the district court entered judgment on April 25, 1996, defendants filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment on the grounds that a part of the amount payable to plaintiff was wages subject to withholding for income taxes and FICA. Because the motion was not filed within ten days of the entry of judgment, it was untimely. See Fed. R. Civ. P. 59(e). The district court apparently construed it as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and denied the request to deduct some amount for taxes.

Defendants submitted no evidence indicating the amount that should be withheld. Cf. Tungseth v. Mutual of Omaha Ins. Co., 43 F.3d 406, 409 (8th Cir. 1994) (holding in diversity action that defendant had burden of showing propriety of amounts of taxes withheld from judgment awarding damages for breach of employment contract; defendant failed to present district court with explanation for allocating jury award). Under the circumstances, we conclude the district court did not abuse its discretion in denying relief from judgment. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir. 1993).

Finally, defendants argue that the award of attorney's fees should be reduced because it possibly included duplication of services by plaintiff's two attorneys and it did not reflect the amount of the judgment obtained as compared with the judgment sought. After reviewing the briefs and appendices on appeal, we conclude the district court did not abuse its discretion in awarding attorney's fees of $14,768.75, the full amount requested by plaintiff. See Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995). Any duplication was minor, and plaintiff obtained the relief, even though not the exact dollar amount, she sought under both the FLSA and the Oklahoma Minimum Wage Act.

The judgments of the United States District Court for the Western District of Oklahoma are AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge