# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2010

No. 09-60896

Lyle W. Cayce
Clerk

KAREN MARTIN,

Plaintiff - Appellant

v.

PEPSIAMERICAS, INC.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before GARZA and BENAVIDES, Circuit Judges, and CRONE[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

Karen Martin sued her former employer, PepsiAmericas, Inc. ("Pepsi"), to recover unpaid overtime wages allegedly due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The district court granted Pepsi's motion to dismiss for lack of subject matter jurisdiction after finding that Martin's maximum potential recovery was less than the value of her severance package from Pepsi, which the district court determined should be set-off against any potential damages awarded to Martin. Because we hold that the set-off was improper, we vacate the district court's dismissal and we remand.

---

[*]District Judge of the Eastern District of Texas, sitting by designation.

I

Martin worked for Pepsi as a route settlement clerk for approximately five years. The position was hourly, and Pepsi paid Martin overtime wages for any time in excess of forty hours that she worked in a given week. In January 2004, Pepsi promoted Martin to the position of route settlement supervisor, where she received a salary rather than hourly wages. The parties dispute whether that salary was intended to compensate Martin for all hours worked or for a forty-hour workweek. Martin held the supervisor position until she was laid off twenty-four months later.

When Martin left Pepsi, she entered into a severance agreement whereby she agreed not to file "any complaints, charges, lawsuits, or any other claims against the Company arising out of the employment relationship and/or termination of employment." In return, Pepsi agreed to provide Martin with a severance package that included various benefits to which she was not otherwise entitled.

Notwithstanding the severance agreement, Martin filed suit against Pepsi in April 2007, seeking to recover unpaid overtime wages under the FLSA, and stating claims for fraudulent misrepresentation and punitive damages under Mississippi law. Pepsi moved for summary judgment, arguing, *inter alia*, that it was entitled to set-off damages for breach of the severance agreement in the event Martin prevailed at trial. The district court found in Pepsi's favor on its right to set-off, but denied Pepsi's motion on all other grounds. The court did not compare the value of Pepsi's set-off to the value of Martin's overtime claim.

Pepsi ultimately moved to dismiss the case for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1), arguing that Martin's FLSA claim was moot because the value of damages she could recover at trial, assuming full recovery, was less than the set-off to which Pepsi was entitled. After accounting for unpaid overtime wages and liquidated damages, the district court found that Martin's maximum potential recovery at trial ($19,320) was less than the set-off

to which Pepsi was entitled ($22,997). Finding Martin's claim to be moot, the district court granted Pepsi's motion to dismiss for lack of subject-matter jurisdiction. This appeal followed.

## II

At issue is whether Pepsi can set-off the value of benefits it paid to Karen Martin under her severance agreement against Martin's FLSA claim for overtime wages. The district court found that Pepsi was entitled to the set-off and, consequently, dismissed the case for lack of subject matter jurisdiction. We review a court's ruling on a FED. R. CIV. P. 12(b)(1) motion to dismiss de novo. *See Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010) (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)). When challenging a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof. *Id.*

### A

Pepsi initially contends that our opinion in *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003), should be read broadly to allow set-offs in FLSA cases so long as they do not result in sub-minimum wages. Generally speaking, courts have been hesitant to permit an employer to file counterclaims[2] in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused. *See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) ("[T]he purpose of the present action is to bring Pointon into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. Pointon is free to sue his employees in state court . . . .").

---

[2] Pepsi raised the set-off issue as an affirmative defense rather than a counterclaim.

In *Heard*, we said that set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions. In that case, the Secretary of Labor sued an employer to enjoin it from withholding base and overtime wages from employees. *Heard*, 491 F.2d at 2. After finding a willful FLSA violation, the district court ordered the employer to pay its employees back wages, but permitted a set-off for the value of goods the employer had furnished to its employees. *Id.* This court reversed, stating that "[t]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors." *Id.* at 4. Noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages," we said that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act." *Id.* And we observed that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Id.*; *see also Pointon*, 717 F.2d at 1323 (declining to address employer's counterclaim for tortious sabotage in employee's FLSA suit); *Hodgson v. Lakewood Broad. Serv.*, 330 F. Supp. 670, 673 (D. Colo. 1971) (declining to allow set-off or counterclaim against Secretary for employee's breach of employment contract).

This language notwithstanding, in *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003), we allowed an employer to set-off certain wage overpayments against the employees' overall damages award. *Singer* involved a class of municipal fire fighters whose hours varied among pay periods. The city's method for calculating their regular rate of pay under the FLSA resulted in an underpayment of the fire fighters' overtime pay during some pay periods. *Id.* at 817, 824-25. When calculating how much money the city owed the fire fighters in unpaid overtime wages, "the district court found that the City's method of

calculating overtime compensation resulted in small deficiencies . . . in the work periods in which the fire fighters worked 120 hours," but "the City's method resulted in considerable overpayments ($126.20) in the work periods in which the fire fighters worked 96 hours." *Id.* at 826. Because of this incongruity, the district court allowed the employer to set-off overpayments in some work periods against shortfalls in others. *Id.* at 826. We viewed these overpayments as akin to pre-payments, not prohibited by the Code of Federal Regulations or the FLSA, and affirmed. *Id.* We reconciled our holdings in *Singer* and *Heard* by observing that "the offsets permitted by the district court [in *Heard*] caused the final awards of many of the defendants' workers to drop below the statutory minimum." *Id.* at 828 n.9 (quoting *Heard*, 491 F.2d at 3) (internal quotation marks omitted). Meanwhile, in *Singer*, "no party contend[ed] that the offset might cause the fire fighters' wages to fall below the statutory minimum wage." 324 F.3d at 828 n.9.

Relying on this distinction, Pepsi contends that *Singer* should be read to limit *Heard*, to stand for the proposition that set-offs are appropriate in FLSA cases so long as they do not cause an employee's wages to fall below the statutory minimum. Pepsi has cited, as did the district court, several lower court decisions from outside this circuit that have given *Singer* such a broad construction. *See, e.g. Hanson v. ABC Liquors, Inc.*, No. 3:09-cv-966, 2009 U.S. Dist. LEXIS 108954, at *7-8 (M.D. Fla. Nov. 9, 2009) (collecting cases); *see also* Docket Entry No. 110, Memorandum Order at 5 n.3. These cases, however, predate our opinion in *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010), where we clarified that *Heard's* longstanding prohibition of set-offs in FLSA cases is the rule in this circuit and *Singer* an exception.

In *Gagnon*, the district court found an FLSA overtime violation and awarded damages to the plaintiff. 607 F.3d at 1040. The defendant-employer counterclaimed and sought a set-off in the amount equal to the damages caused by the plaintiff's breach of contract (i.e., his failure to notify the employer of his

new address, as he was contractually obligated to do). *Id.* The district court did not address the employer's counterclaims, and this court gave them short shrift likewise, holding that "our precedent suggests that such claims should not be addressed in an FLSA action." 607 F.3d at 1042 (citing *Heard*, 491 F.2d at 4).

We specifically addressed the employer's set-off claim in *Gagnon*, despite its semblance to the contract counterclaim, to clarify a reasonable uncertainty over *Singer's* reach. *See* 607 F.3d at 1043 ("we nonetheless address the claim because we have previously held that offsets are permissible in FLSA actions"). *Gagnon* distinguished the set-off allowed in *Singer* as one that "simply acknowledged that the City had *already paid* the bulk of its overtime obligations." *Id.* (citing *Singer*, 324 F.3d at 828) (emphasis in original). Gagnon (the employee), by contrast, was not paid "any additional sums that could be characterized as advanced or inappropriate amounts subject to an offset against the overtime owed to him," *id.*, and thus, a set-off was inappropriate.

In *Gagnon*, we rejected the employer's argument, which Pepsi renews here, that *Singer* stands for the proposition that set-offs are allowed in FLSA cases so long as they do not result in sub-minimum wages. Although that reading of *Singer* may have been plausible at one time, *Gagnon* clarified that it was the unique character of the set-offs in *Singer*–that they represented overtime obligations already fulfilled–that allowed for a narrow exception to the bright-line rule spelled out in *Heard*. We continue to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee.

**B**

Pepsi contends, alternatively, that the benefits paid to Martin are similar to the fire fighters' wages set-off in *Singer* because, in both cases, the employer paid some extra money or benefits to the employee to which the employee was not otherwise entitled. And in the opinion granting Pepsi's motion to dismiss, the district court cited several lower court decisions that have allowed employers

to plead set-offs as an affirmative defense in FLSA wage cases "where the employer paid the employee funds to which the employee was not entitled." (Docket Entry No. 110, Memorandum Order at 5 & n.3.)  This misconstrues the reciprocal nature of the benefits bargained for in Martin's severance agreement. Although Martin had no legal entitlement to the benefits included in her severance package, these benefits were not gratuitous.  Pepsi paid these benefits in return for Martin's release of claims.  That Martin later sued Pepsi on state law claims simply means that Martin did not keep her end of the agreement. Pepsi's damages flow from a breach of contract.  Pepsi is not entitled to set-off those damages here because unlike *Singer*, the money and benefits Pepsi paid to Martin were not wage payments, advance or otherwise; they were not related to her labors at all.

### III

Because we find that the district court erred in setting-off the value of Martin's severance package against her potential recovery at trial, we VACATE the district court's dismissal of Martin's FLSA claim for lack of subject matter jurisdiction and REMAND the case for further proceedings.