# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2011

No. 10-30983
Summary Calendar

Lyle W. Cayce
Clerk

DAVID ARNOLD TIECHE,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA, on behalf of United States
Drug Enforcement Administration,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CV-511

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant David Arnold Tieche appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction.  Because Tieche filed his complaint outside the statute of limitations imposed in the Federal Tort Claims Act ("FTCA"), we AFFIRM the district court.[1]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Finding an expired statute of limitations, we need not reach the district court's alternative basis for dismissing Tieche's complaint—*i.e.*, that the government's detention of his property falls within an exception to the FTCA's waiver of sovereign immunity.  *See* 28

Tieche was arrested on August 3, 2006.  Six days later, a grand jury indicted him on charges of possessing cocaine with intent to distribute and carrying firearms in connection with a drug trafficking crime.  Tieche entered a plea agreement on September 8, 2006, and on May 24, 2007 he received a sentence of 108 months incarceration followed by five years of supervised release.  Around the time of his sentencing, Tieche reclaimed several items of personal property.  The government delivered these items to Tieche's attorney on April 5, 2007.  On June 27, 2007, the government seized Tieche's airplane and issued a declaration stating that all interested parties had already received notice of the seizure.

On July 1, 2009, Tieche filed a Standard Form 95 with the Drug Enforcement Administration ("DEA") requesting return of his property.  The DEA denied his claim on December 2, 2009.  He filed the present lawsuit on March 27, 2010, which the district court dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

We review dismissal under Rule 12(b)(1) *de novo*.  *Martin v. PepsiAmericas, Inc.*, 628 F.3d738, 740 (5th Cir. 2010).

The FTCA includes a two-part statute of limitations.  First, it allows a plaintiff two years in which to file an administrative complaint with the agency against which the plaintiff asserts a claim.  28 U.S.C. § 2401(b).  If the agency denies the claim, then the plaintiff has six months in which to initiate a lawsuit. *Id*.  The statute of limitations begins running from the time the plaintiff knows or has reason to know of his injury.  *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001).

In the present case, Tieche filed his administrative complaint on July 1, 2009.  For it to have been timely, Tieche must have learned—or it must be the case that he should have learned—of his alleged injury on or after July 1, 2007.

U.S.C § 2680(c).

2

No. 10-30983

To the contrary, three events before that date should have alerted Tieche to the fact that the DEA had seized the property in question. First, at the time of his arrest, Tieche knew that DEA agents took possession of his property. Second, the plea agreement entered on September 8, 2006, included a consent decree of forfeiture. If any doubt about the status of his property remained, the agreement should have alerted Tieche that it was now in the hands of the DEA. Third, Tieche should have known from the return of personal property on April 5, 2007 that the items now in question were not among the property returned. If Tieche had complained to the DEA within two years of any of these events, his case would present a more difficult question. He failed to do so, however, and the FTCA statute of limitations now bars recovery.

The district court correctly identified at least three events that should have alerted Appellant to the facts underlying his present cause of action. All three predated his administrative complaint by more than two years. Because the FTCA imposes a two-year statute of limitations, we AFFIRM the district court's conclusion that it lacked subject matter jurisdiction in the FTCA action.

**Affirmed.**